RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AHMAD SHREATEH,

               Plaintiff,

         v.            Civ. A. No.

FANNIE MAE and
MARK HOLMES,

               Defendants.

## 04  11713NMG

MAGISTRATE JUDGE _Dein_

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant Fannie Mae hereby removes to this Court the above-captioned state court civil action which is currently pending in Essex County Superior Court, Essex County, Massachusetts. As grounds for this Notice of Removal, Fannie Mae states the following:

1.      On or about July 1, 2004, plaintiff Ahmad Shreateh ("Plaintiff") filed the instant action, Civil Action No. ESCV2004-01258B against Fannie Mae and Mark Holmes (the "Named Defendants") in the Essex County Superior Court, Essex County, Massachusetts. Fannie Mae received service of a Summons and the Complaint via registered mail on July 8, 2004. To Fannie Mae's knowledge, Defendant Holmes has not received service of process.

2.      Fannie Mae has not yet answered the Complaint.

3.      This Notice of Removal is filed with this Court within thirty (30) days of receipt by Fannie Mae of the Complaint as required by 28 U.S.C. § 1446(b).

- 1 -

4.    Although Plaintiff's Complaint contains no specific counts or claims, he appears to allege that he was discriminated against on the basis of his color and religious beliefs and subjected to sexual harassment while he was assigned to perform consulting services for Fannie Mae by his employer.

5.    The Plaintiff is a resident of Salisbury, Massachusetts. Defendant Fannie Mae is a privately owned business with its principal place of business and charter in Washington, D.C. Defendant Holmes is a resident of Washington, D.C.

6.    There is complete diversity of citizenship between the Plaintiff and the Named Defendants in this action.

7.    Although the Complaint does not specify the amount of damages Plaintiff seeks, he states in the Complaint that his position working as a consultant at Fannie Mae was supposed to last for 2-3 additional years, indicating that he seeks, at a minimum, compensatory damages including back pay. On information and belief, two to three years of Plaintiff's compensation exceeds $75,000. Plaintiff also alleges that he still feels embarrassment as a result of Defendant Holmes' alleged actions, indicating that he also is seeking emotional distress damages as well as potential punitive damages. Based upon these allegations, the Plaintiff seeks damages, exclusive of interests and costs, that exceed $75,000.

8.    Because the Plaintiff is a citizen of a different state than the Named Defendants, and the amount on controversy exceeds $75,000, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a).

BOSTON 1964732v1

9.    Pursuant to 28 U.S.C. 1446(d), Fannie Mae has served Plaintiff with a copy of this Notice of Removal and will promptly file the appropriate Notice of Filing of Notice of Removal with the clerk of the Essex Superior Court.

10.    Pursuant to 28 U.S.C. ¶ 1446(a), true copies of all process, pleadings and orders that have been served or filed in the state court action are attached as Exhibit 1.

11.    In accordance with Local Rule 81.1(a), Fannie Mae will file a certified copy of all records, pleadings and docket entries in the state court action with this Court within thirty (30) days of filing this Notice of Removal.

THEREFORE, Fannie Mae respectfully requests that this case proceed before this Court as an action properly removed.

                                  FANNIE MAE
                                  By its attorneys,


                                  Neil Jacobs  (BBO #249300)
                                  C. Tama Donovan (BBO #641292)
                                  Wilmer Cutler Pickering Hale and Dorr LLP
                                  60 State Street
                                  Boston, Massachusetts 02109
                                  (617) 526-6000

Dated:  August 3, 2004

## CERTIFICATE OF SERVICE

I, C. Tama Donovan, hereby certify that on August 3, 2004, I caused a copy of the foregoing Notice of Removal to be served, by overnight mail, upon the plaintiff: Ahmad Shreatch, 12 Palis Drive, Salisbury, MA 01952.

C. Tama Donovan

- 4 -

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ahmad Shreateh

## DEFENDANTS

Fannie Mae and Mark Holmes

**(b)** County of Residence of First Listed Plaintiff ___Essex___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ___Washington D.C.___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

Neil Jacobs, Esq.
C. Tama Donovan, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP

# 04   11713NMG

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1 U.S. Government
      Plaintiff

☐ 3 Federal Question
      (U.S. Government Not a Party)

☐ 2 U.S. Government
      Defendant

☒ 4 Diversity
      (Indicate Citizenship of Parties
      in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                             and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State  *Chartered in and (not incorporated)* | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Judgment / Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☒☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
      Proceeding

☒ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      another district
      (specify)

☐ 6 Multidistrict
      Litigation

☐ 7 Appeal to
      District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1441 and 1332

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
      UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See
instructions):

JUDGE

DOCKET NUMBER

DATE
August 3, 2004

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)   Ahmad Shreateh v. Fannie Mae and Mark Holmes

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

    [ ]   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [XX]  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [ ]   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    [ ]   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.     150, 152, 153.                       04  11713 NMG

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.



4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See
    28 USC §2403)

                                                          YES [ ]    NO [XX]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]    NO [XX]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]    NO [XX]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                          YES [ ]    NO [XX]

        A.   If yes, in which division do all of the non-governmental parties reside?

             Eastern Division  [ ]      Central Division  [ ]      Western Division  [ ]

        B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
             agencies,  residing in Massachusetts reside?

             Eastern Division  [X]      Central Division  [ ]      Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                          YES [ ]    NO [XX]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  C. Tama Donovan, Esq.

ADDRESS  Wilmer, Cutler, Pickering, Hale and Dorr LLP

TELEPHONE NO.  617-526-6000

(Coversheetlocal.wpd - 10/17/02)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* · TORT · MOTOR VEHICLE TORT · CONTRACT · EQUITABLE RELIEF · OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

........... *AHMAD SHREATEH* ..........., Plaintiff(s)

v.

........... *Fanniemae & MARK HOLMES* ..........., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon _*AHMAD Shreateh*_ ,

plaintiff's attorney, whose address is _*12 PALIS DR. Salisbury MA 01952*_ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_*Newbury port Superior*_ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of                                    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

<div style="writing-mode:vertical">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

04 1258

## COMPLAINT

July 1, 2004


My name is Ahmad Shreateh. I am an American Citizen and have lived in the United States for almost twenty years. I was born and raised in Palestine. I am a Muslim by birth, although I do not actively practice my religion. In or about May 2001, I was engaged as a computer consultant through Computer Merchant (Mass) to work for one of their customer's clients. The Computer Merchant customer is Compaq and their "client" is Fannie Mae. I worked at Fannie Mae office in Washington DC.

After a series of interviews to determine my technical competency, during May, June and July, I started the project at Fannie Mae on or about July 30, 2001. My job classification was 'senior consultant in charge of GS320 environment'. I was also responsible for the consulting needs relating to Compaq products on site. The business manager was Barbara Copper-Jones and the technical supervisor from the UNIX group was Mark Holmes.

The first month (August) went without any real problem. At the end of August, Mr. Holmes asked me if I wanted to go out with him and his friend. His tone and body language gave me the distinct impression that the invitation was more than just social. I politely declined, telling him that I was busy and that I was planning on going to the Middle East to see my Family during the Labor Day break. As I tried to walk away, Mr. Holmes took hold of my hand and said "We mostly invite some other men for more fun" I pulled my hand and told Mr. Holmes the he was under a misapprehension and that I was not gay. I excused myself and left.


I traveled overseas for Labor Day break and was out of the country until September 17, 2001. As soon as I returned, Mr. Holmes attitude towards me changed. He asked me to come into his office and asked me what I thought about September 11th. I was caught a little off-guard. I said I did not know that "they" were just crazy, fanatic people. I wanted to drop the subject and leave the office. Mr. Holmes said, " We (Americans) have bombs the size of the Middle East that we should dump on them and kill them all." I told Mr. Holmes that I understand his anger but that I still have family in the Middle East and I have nothing to do with what happen. I said that he should not take out his anger on me. Mr. Holmes said that it did not matter because 'you're all uneducated, stupid Arabs—you're savages'. I walked out of his office. For the next few days Mr. Holmes confronted me in the same way and made similar comments. As time passed his comments were as aggressive, derogatory and biting. I did not know what to do. I felt isolated and afraid to confront him or tell anybody about his comments. I just hoped it would pass.

At the end of September Mr. Holmes again asked me if I was interested in meeting him and his friend at their place. I again told Mr. Holmes that I was not gay and that he

should stop asking. He told me it would be in my best interest to meet him if I wanted to continue to work at Fannie Mae. I told him I would not meet him and that whatever happens I will deal with.

At about this time during the whole incident, I informed two managers from Compaq and two Managers from Fannie Mae. The Compaq people did not want to get involved and referred to me to Fannie Mae people. The Fannie Mae managers told me to deal with him and try to resolve the problem.

On about October 17, 2001, Mr. Holmes and another Individual (I can't remember his name) asked me to come to his office. When I arrived I was told that I was being terminated and that I was done as of October 19th.

I asked why I was being terminated. Mr. Holmes said it had nothing to do with my qualifications or job performance. When I pressed for a reason, Mr. Holmes, almost with joy in his voice, said: 'You're and Arab and you did not play the game right with me'. I left his office.

I got in touch with several managers inside Fannie Mae trying to find a consulting work, as soon as Mr. Holmes new of several arranged meeting that I was supposed to have on October 18th, he came to me at noon of October 18th and asked me to give him my badge back and to leave the building immediately. His comment was " I DO NOT WANT YOU IN FANNIE MAE".

After I left Fannie Mae, a senior manager from Fannie Mae, asked me if I was interested in returning to work in his department. I said I would love to come back. I was subsequently told that Mr. Holmes has opposed my return.

I loved working at Fannie Mae. The job was supposed to last for 2-3 more years. It was a wonderful opportunity for me.

I am a loyal American. What Mr. Holmes did was wrong. I grieve for what happen on September 11th just as much as him or any other American. I should not be singled out and castigated for the color of my skin or my religious beliefs. I still feel the embarrassment of his sexual advances and the hate he heaped on me because of who I am.

I am filling this complaint requesting a jury trial to determine the actions by Fannie Mae and Mr. Holmes.

July 1, 004

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                          SUPERIOR COURT
                                    CIVIL ACTION NO: ESCV2004-01258

```
*  *  *  *  *  *  *  *  *  *
                            *
AHMAD SHREATEH,             *
                            *
                            *
Plaintiff,                  *
                            *
v.                          *
                            *
FANNIE MAE and              *
MARK HOLMES,                *
                            *
Defendants,                 *
                            *
*  *  *  *  *  *  *  *  *  *
```

### DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendants, hereby move this Court to extend the time to respond to Plaintiff's Complaint for thirty days.

As grounds for this motion the defendants state:

1)    Plaintiff, Ahmad Shreateh filed a complaint on July 1, 2004 against defendants.

2)    Defendants were served on or about July 2, 2004.

3)    Pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure, Defendants' answer to Plaintiff's Complaint is due on or about July 22, 2004.

4)    Defendants reasonably require an extension of thirty days from July 22, 2004, to gather facts necessary to properly respond to Plaintiff's Compliant.

5) Plaintiff will not be prejudiced by a brief continuance of time to respond to plaintiff's complaint and the allowance of this motion.

WHEREFORE: The Defendants respectfully request that this Court extend the time in which to respond to Plaintiff's Complaint up to and including August 21, 2004.

Respectfully Submitted,

Fannie Mae and
Mark Holmes
By their Attorneys,

Richard J. Shea,
BBO# 456310
Jennifer B. Hardy
BBO# 634494
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775

## CERTIFICATE OF SERVICE

I, Jennifer B. Hardy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Ahmad Shreateh                    [Pro Se]
12 Palis Drive
Salisbury, MA 01952

Jennifer B. Hardy

Dated: 7-15-04

2