UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMAD SHREATEH,<br><br>      Plaintiff,<br><br>    v.<br><br>FANNIE MAE and<br>MARK HOLMES,<br><br>      Defendants. | Civ. A. No. 04 11713-NMG |

## ANSWER OF FANNIE MAE

Defendant Fannie Mae hereby responds to the Complaint filed in the above-captioned matter (the "Complaint").[1] The responses below are made according to the non-numbered paragraphs of Plaintiff's Complaint. Unless an allegation is specifically admitted, Fannie Mae denies that allegation.

1. On information and belief, Fannie Mae admits the allegations contained in the first sentence of the first paragraph of the Complaint. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in the second, third, fourth or fifth sentences of the first paragraph of the Complaint. Fannie Mae admits that a Fannie Mae contractor, Compaq Computer Co., assigned Plaintiff to perform certain consulting services for Fannie Mae. To the extent any further allegations are contained in the first paragraph of the Complaint, they are denied.

---

[1] To Fannie Mae's knowledge, Defendant Holmes has not received service of process in connection with this lawsuit.

- 1 -

- 2 -

2. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in the first two sentences of the second paragraph of the Complaint. Fannie Mae denies the allegations contained in the third sentence of the second paragraph of the Complaint, and admits the allegations contained in the fourth sentence of the second paragraph of the Complaint.

3. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in the first sentence of the third paragraph of the Complaint. Fannie Mae denies the remaining allegations contained in the third paragraph of the Complaint.

4. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in the first sentence of the fourth paragraph of the Complaint. Fannie Mae denies the remaining allegations contained in the fourth paragraph of the Complaint.

5. Fannie Mae denies the allegations contained in the fifth paragraph of the Complaint.

6. Fannie Mae denies the allegations contained in the sixth paragraph of the Complaint.

7. Fannie Mae admits that on or about October 17, 2001, Mr. Holmes met with Plaintiff and notified him that Fannie Mae no longer needed his consulting services, and that another Fannie Mae manager was present at this meeting. To the extent any further allegations are contained in the seventh paragraph of the Complaint, they are denied.

8. Fannie Mae denies the allegations contained in the eighth paragraph of the Complaint.

9. Fannie Mae is without sufficient knowledge to admit or deny the allegation that Plaintiff "got in touch with several managers inside Fannie Mae trying to find consulting

work," and admits that following the termination of Plaintiff's consulting assignment, Mr. Holmes asked Plaintiff to return his security badge, and asked him to leave the building. Fannie Mae otherwise denies the allegations contained in the ninth paragraph of the Complaint.

10. On information and belief, Fannie Mae denies the allegations contained in the tenth paragraph of the Complaint.

11. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in the first sentence of the eleventh paragraph of the Complaint. Fannie Mae denies the remaining allegations contained in the eleventh paragraph of the Complaint.

12. Fannie Mae denies the second and fifth sentences contained in the twelfth paragraph of the Complaint, and is without sufficient knowledge to admit or deny the remaining allegations contained in the twelfth paragraph of the Complaint.

The remaining non-numbered paragraph of the Complaint contains a prayer for relief, to which no response is necessary. To the extent that the remaining non-numbered paragraph of the Complaint contains allegations of fact, Fannie Mae denies them.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by virtue of his failure to exhaust his administrative remedies.

- 4 -

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Fannie Mae has complied with all laws and regulations and has otherwise satisfied their statutory obligations to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Fannie Mae had a legitimate, non-discriminatory business reason for its decision to terminate Plaintiff's consulting assignment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered damages as a result of any alleged wrongful act of Fannie Mae, upon information and belief, he has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

Fannie Mae reserves its right to amend and/or supplement these affirmative defenses as this matter proceeds.

BOSTON 1967931v2

        FANNIE MAE
        By its attorneys,


        <u>/s/ C. Tama Donovan</u>
        Neil Jacobs  (BBO #249300)
        C. Tama Donovan (BBO #641292)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts 02109
        (617) 526-6000

Dated:  August 10, 2004


## CERTIFICATE OF SERVICE

    I, C. Tama Donovan, hereby certify that on August 10, 2004, I caused a copy of the foregoing Answer to be served, by overnight mail, upon the plaintiff:  Ahmad Shreateh, 12 Palis Drive, Salisbury, MA 01952.


        _____
        C. Tama Donovan