FILED
UNITED STATES DISTRICT COURT CLERK'S OFFICE
DISTRICT OF MASSACHUSETTS

2004 OCT 25 P 2: 15

Civ. A. No. 04-11713-NMG

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **AHMAD SHREATEH** ) | |
|     Plaintiff   ) | |
| ) | |
| vs.            ) | **PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
| ) | **TO CONFORM TO RULES 8 & 10** |
| **FANNIE MAE, a/k/a** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MARK HOLMES** ) | |
|     Defendants   ) | |

Now comes the Plaintiff and moves this Court pursuant to Rule 8 and Rule 10 to amend his Complaint from a _pro se_ Complaint to the attached "proposed" Plaintiff's First Amended Complaint, as set out in Exhibit X attached.

Reason is: Plaintiff filed his Complaint _pro se_ and this Amended Complaint is necessary to clarify and simplify the issues and to have a new summons issue.

WHEREFORE, Plaintiff moves that this Motion to Amend Complaint be allowed and that the Plaintiff's First Amended Complaint be served upon all Defendants named above together with a new Civil Cover Sheet, or whatever this Court deems meet and just under the circumstances.

1

By the Plaintiff's Attorney,

_____
Thornton E. Lallier, Esq.
Lallier Law Office
159 Main Street, P.O. Box 689
Amesbury, MA 01913
978-388-9500
BBO#283680

Dated: October 25, 2004

CERTIFICATE OF SERVICE

I, Thornton E. Lallier, Esq., certify that I have mailed a copy of the foregoing to Neil Jacobs, Esq., and C. Tama Donovan, Esq., Wilmer Cutler Pickering Hale & Dorr, L.P., 60 State Street, Boston, MA 02109 on ~~October~~ 25th, 2004.

_____
Thornton E. Lallier, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civ. A. No. 04-11713-NMG

| | |
|---|---|
| **AHMAD SHREATEH** )<br>12 Palis Drive )<br>Salisbury, MA 01952 )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>**FANNIE MAE, a/k/a** )<br>Wisconsin Avenue, )<br>Washington, D.C. )<br>)<br>and )<br>)<br>**MARK HOLMES** )<br>c/o Fannie Mae )<br>Wisconsin Avenue, )<br>Washington, D.C. )<br>    Defendants ) | **PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

**Parties**

1. The Plaintiff is Ahmad Shreateh, is a resident of Salisbury, Essex County, Massachusetts, was born in Jordan, is a Muslim, and is an American Citizen for about 14 years but living in the United States as a resident for 20 years.

2. Fannie Mae, as it is known, is a corporation doing business in Washington, District of Columbia, and is a Defendant.

3. Mark Holmes (Holmes) is a Defendant and is an employee of and works for Fannie Mae, as it is known, in Washington, District of Columbia.

1

## Jurisdiction

4. The Court has jurisdiction of this action under 42 U.S.C., Sec. 1981; 42 U.S.C. Sec. 1983; 28 U.S.C. Sec. 1331; 28 U.S.C. Sec. 1343; and 42 U.S.C. 2000(e) et seq.

## Facts

5. On or about May 2001, the Plaintiff was engaged and hired as a computer consultant by Computer Merchants of Norwood, Massachusetts to work for one of their clients, namely, Compaq Computer.

6. Compaq Computer (Compaq) had an agreement with Fannie Mae to do some work.

7. In compliance with an agreement to perform work for Fannie Mae, Compaq sent Plaintiff to do the required and necessary work contracted for between Fannie Mae and Compaq.

8. The Plaintiff was at all times considered an independent contractor. He was paid by Computer Merchants from funds supplied by Fannie Mae to Computer Merchants for the work Plaintiff performed as set out in his agreement with Computer Merchants, but all technical work was made and decided between Compaq, Fannie Mae and the Plaintiff.

9. Plaintiff was interviewed by both Compaq and Fannie Mae representatives to determine Plaintiff's technical competency to do the work contracted for between Compaq and Fannie Mae.

10. Plaintiff's technical ability and competency was satisfactory and approved by both Compaq and Fannie Mae. Plaintiff started his employment with Fannie Mae on or about July 30, 2001.

11. Plaintiff's job classification was "Senior Consultant in charge of GS320 Environment".

12. In addition, the plaintiff was responsible for the consulting needs related to Compaq products on site at Fannie Mae.

13. The Business Manager employed at Fannie Mae, Washington, D.C., was Barbara Copper-Jones, who dealt with the Plaintiff on business issues related to the technical requirements of the GS320 environment.

14. At all times in this Complaint, the Technical Supervisor from The UNIX Group at Fannie Mae was Defendant Mark Holmes, of Washington, D.C.

15. Plaintiff's first month at Fannie Mae, on or about August, 2001, went without any real problems with other employees and supervisors at Fannie Mae.

16. At the end of August, 2001, Mark Holmes approached the Plaintiff and asked the Plaintiff if he would like to go and socialize with him and his boy friend.

17. Plaintiff observing Holmes' tone and body language gave Plaintiff a distinct impression that the invitation

3

contained more than just a social get together among friends.

18. Plaintiff rejected this offer with the explanation that he was busy planning a trip to the Middle East to see his family during the Labor Day break.

19. Defendant Mark Holmes took Plaintiff's hand as Plaintiff attempted to walk away and said "We mostly invite some other men for more fun".

20. Plaintiff defensively pulled his hand away telling Defendant Holmes that he was under a misapprehension that Plaintiff was gay. Plaintiff turned and left the room and Defendant Holmes didn't say anything further to Plaintiff.

21. Plaintiff left the United States on or about Labor Day, 2001, to visit his family in Jordan. Plaintiff returned to the United States on or about September 17, 2001.

22. Upon Plaintiff's returning to work Defendant Holmes' attitude towards the Plaintiff clearly and observably changed towards him in their working relationship.

23. At one point Holmes invited the Plaintiff into his office to discuss something on his mind. Instead of being about business matters, Holmes asked Plaintiff what he thought about "September 11th" (2001).

24. Plaintiff was caught off guard by the question. Plaintiff responded to the question that "they" were crazy, fanatic people.

25. Plaintiff wanted to drop the subject and leave the room to get back to his work.

26. Holmes said "we (Americans) have bombs the size of the Middle East that we should dump on them and kill them all".

27. Plaintiff told Holmes he understood his anger but that he still has family in the Middle East and that Plaintiff had nothing to do with what happened. Plaintiff further said to Holmes that "he should not take out his anger on him".

28. Holmes said that it did not matter because "you're all uneducated, stupid Arabs - you're savages".

29. Plaintiff turned and walked out of the office.

30. For the next few days Holmes from time to time confronted the Plaintiff while working and made similar derogatory remarks in front of another co-employee to the Plaintiff. Holmes' remarks made the Plaintiff feel embarrassed.

31. These statements were made in an aggressive, derogatory and biting manner.

32. Plaintiff did not know what to do and hoped the comments would stop.

33. Towards the end of September, 2001, Holmes again approached the Plaintiff and asked Plaintiff if he was interested in

5

meeting with him and his boyfriend at their place. Holmes stated he and his boyfriend invite other men over for some gay activities. Plaintiff refused and told Holmes again that he was not gay. Plaintiff further told Holmes to stop asking him about this matter. Holmes said to Plaintiff it would be in Plaintiff's best interest for the Plaintiff to meet with him and his gay boy friend if the Plaintiff wanted to continue to work at Fannie Mae.

34. Plaintiff told Holmes again he would not meet with him and his boyfriend for gay social activities which Plaintiff understood to include sex between men. Plaintiff said to Holmes that he would deal with whatever happens by his refusal.

35. Plaintiff thereafter went to two Managers at Compaq and two Managers from Fannie Mae.

36. The Compaq management people did not want to get involved and referred the Plaintiff to the Fannie Mae Managers.

37. The Fannie Mae Managers told Plaintiff to deal with Holmes and try to resolve the problem.

38. On or about October 17, 2001, Holmes and another person invited the Plaintiff into Holmes' office. Plaintiff upon arrival was told shortly thereafter that the Plaintiff was being terminated from further employment at Fannie Mae and

that Plaintiff was to have an end date of employment on or about October 19, 2001.

39. Plaintiff asked Holmes why he was being terminated and Holmes stated it had nothing to do with Plaintiff's qualifications or job performance.

40. Plaintiff pressed Holmes further for a reason of his termination and Holmes stated with joy in his voice as Plaintiff heard and understood it to be that "you're an Arab and you did not play the game right with me". Plaintiff left the office.

41. Plaintiff immediately contacted several Managers inside Fannie Mae trying to find other consulting work.

42. Holmes learned of Plaintiff's inquiries and several arranged meetings Plaintiff was to have on or about October 18, 2001 to seek other consulting work at Fannie Mae. Holmes asked Plaintiff to give him Plaintiff's badge back resulting in the fact that the Plaintiff would be prevented from attending these employment meetings on the premises. Holmes also ordered the Plaintiff to leave the building immediately. Holmes yelled at Plaintiff, "I do not want you in Fannie Mae".

43. Plaintiff left Fannie Mae, but afterwards a Senior Manager from Fannie Mae contacted the Plaintiff and asked Plaintiff if he would be interested in returning to work in his

7

department. Plaintiff responded that he would like to come back and work for him at Fannie Mae.

44. Holmes later heard of this offer by this Manager and opposed Plaintiff's return to work at Fannie Mae. The Plaintiff was not hired.

### COUNT I - CIVIL RIGHTS
### PLAINTIFF VERSUS FANNIE MAE
### 42 U.S.C. SEC. 1981

45. This action is brought pursuant to 42 U.S.C., Sec. 1981, the First and Fourteenth Amendment to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Sec. 1981, 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343 and 42 U.S.C. 2000(e) et seq.

46. The Plaintiff incorporates by reference Paragraphs 1 through 44 and makes them a part of Paragraph 46.

47. The Plaintiff is a protected person under Sec. 1981.

48. The Defendant Fannie Mae and its authorized agent and employee in supervision in the subject workplace was Mark Holmes. Holmes had apparent or implied authority by his position and supporting conduct from the Defendant Fannie Mae to hire, fire, discipline, promote and terminate an employment contract with independent contractors.

49. Defendant Fannie Mae is responsible for the discrimination acts of its authorized employees acting within the scope of

their employment, such as Holmes. This discrimination was exercised by Holmes within the scope of his employment within the intent so exercised for the benefit of the Defendant Fannie Mae.

50. Holmes made racial, religious and sexual comments about the Plaintiff before other employees about the Plaintiff in the work place affecting and starting a hostile work place governance.

51. The Defendant Fannie Mae knowing or should have known of these discriminatory actions intentionally or with reckless and wanton actions failed to prevent said discriminatory acts through its employees towards the Plaintiff. In fact, Defendant refused to prevent the interference of Plaintiff's equal rights to make and benefit from an employment contract free from discrimination, even if it violated Company policy.

**WHEREFORE**, the Plaintiff prays this Court to:

a. Adjudge a Judgment in an amount against the Defendant Fannie Mae for damages suffered under Sec. 1981, both special and general for Plaintiff's losses caused thereby;

b. Adjudge an amount for compensatory damages, including without limitation emotional distress, mental anguish and humiliation.

Holmes to act under color of law over the Plaintiff's contract of employment, by termination interference with the contract by threat, intimidation and coercion utilizing unlawful discriminatory methods based solely on sex, race and religion, rather than job performance and skill.

57. The Defendant Fannie Mae did by its said discrimination in the prior paragraph deprive the Plaintiff of his federally protected rights under the U.S. Constitution, U.S.C. Sec 1983 and other applicable laws and regulations.

58. The Defendant Fannie Mae knowingly or should have known did act in a gross negligent manner in managing, authorizing and allowing its employees and agents to conduct unlawful discriminatory acts towards violating the Plaintiff's constitutional rights with deliberate indifference.

**WHEREFORE**, the Plaintiff prays this Court to:

a. Adjudge a Judgment in an amount against the Defendant Fannie Mae for damages suffered under Sec. 1983, both special and general for Plaintiff's losses caused thereby;

b. Adjudge an amount for compensatory damages, including without limitation emotional distress, mental anguish and humiliation.

c. Adjudge an amount for punitive damages.

d.  Adjudge an amount for the payment of costs, interest, all necessary expenses of the litigation, reasonable attorney fees, and other such relief as may be equitable, just and proper under 42 U.S.C. Sec. 1983, 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343 and 42 U.S.C. 2000(e) et seq.

### COUNT III - CIVIL RIGHTS
### PLAINTIFF VERSUS MARK HOLMES
### 42 U.S.C., SEC. 1981

59. This action is brought pursuant to 42 U.S.C., Sec. 1981, the First and Fourteenth Amendment to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Sec. 1981, 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343 and 42 U.S.C. 2000(e) et seq.

60. The Plaintiff incorporates by reference Paragraphs 1 through 51, inclusive, and makes them a part of Paragraph 60.

61. The Plaintiff is a protected person under Sec. 1981.

62. The Defendant Mark Holmes intentionally or in a willful, wanton, reckless manner did violate Plaintiff's Civil Rights secured under 42 U.S.C. 1981, and Civil Rights Act of 1964 for equal treatment and benefits under the law.

63. The Defendant Mark Holmes, utilizing unlawful discriminatory methods in violation of Plaintiff's lawfully

protected Federal Civil Rights, did terminate Plaintiff's employment contract with Fannie Mae. The termination was not because of his lack of skill in doing required work, but because of unlawful innuendo that Plaintiff was either associated with or affiliated with dangerous Arab terrorists, being a Muslim, his Muslim religion and Plaintiff's refusal to have male sex with Holmes and/or another male companion of his choosing as a quid pro quo arrangement to keep his contracted job.

64. Defendant Mark Holmes did violate Plaintiff's Federally protected equal rights protection under the law by knowingly or ought to know he was interfering with Plaintiff's employment contract by threats intimidation and/or coercion.

**WHEREFORE**, the Plaintiff prays this Court to:

a.  Adjudge a Judgment in an amount against the Defendant Fannie Mae for damages suffered under Sec. 1981, both special and general for Plaintiff's losses caused thereby;

b.  Adjudge an amount for compensatory damages, including without limitation emotional distress, mental anguish and humiliation.

c.  Adjudge an amount for punitive damages.

13

    d.    Adjudge an amount for the payment of costs, interest, all necessary expenses of the litigation, reasonable attorney fees, and other such relief as may be equitable, just and proper under 42 U.S.C. Sec. 1981, 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343 and 42 U.S.C. 2000(e) et seq.

**COUNT IV – CIVIL RIGHTS
PLAINTIFF VERSUS MARK HOLMES
42 U.S.C. SEC. 1983**

65. This action is brought pursuant to 42 U.S.C. Sec. 1983, the First and Fourteenth Amendment to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Sec. 1983, 28 U.S.C., Sec. 1331, 28 U.S.C. Sec. 1343 and 42 U.S.C. 2000(e) et seq.

66. The Plaintiff incorporates by reference Paragraphs 1 through 51, inclusive, and makes them a part of Paragraph 66.

67. The Plaintiff is a protected person under Sec. 1983.

68. The Defendant Mark Holmes intentionally or in a willful, wanton, reckless manner did violate Plaintiff's Civil Rights secured under 42 U.S.C. 1983.

69. The Defendant Mark Holmes individually or exercising his authority under color of law in behalf of Fannie Mae, being its appointed supervisor, did unlawfully terminate

Plaintiff's employment by utilizing unlawful discriminatory methods in violation of Plaintiff's lawfully protected Civil Rights.

70. These violations of Civil Rights occurred in Plaintiff being intimidated, coerced or threatened to have sex with another man in order to keep his employment. In addition it was the condition of the fact the Plaintiff had a race and religious condition that Holmes did not like in order to be employed at Fannie Mae and work with him.

71. Defendant Mark Holms did thereby violate Plaintiff's constitutional right to equal protection under the laws, which resulted in job harassment retaliation and loss of employment contract.

**WHEREFORE**, the Plaintiff prays this Court to:

a. Adjudge a Judgment in an amount against the Defendant Fannie Mae for damages suffered under Sec. 1983, both special and general for Plaintiff's losses caused thereby;

b. Adjudge an amount for compensatory damages, including without limitation emotional distress, mental anguish and humiliation.

c. Adjudge an amount for punitive damages.

d. Adjudge an amount for the payment of costs, interest, all necessary expenses of the litigation, reasonable

15

attorney fees, and other such relief as may be equitable, just and proper under 42 U.S.C. Sec. 1983, 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343 and 42 U.S.C. 2000(e) et seq.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted by
Plaintiff's Attorney,

*/s/ Thornton E. Lallier*

Thornton E. Lallier, Esq.
Lallier Law Office
159 Main Street, P.O. Box 689
Amesbury, MA 01913
978-388-9500
BBO#283680

Dated: October 25, 2004.

16