UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMAD SHREATEH,<br><br>        Plaintiff,<br><br>      v.<br><br>FANNIE MAE and<br>MARK HOLMES,<br><br>        Defendants. | Civil Action No. 04-11713-NMG |

**DEFENDANT MARK HOLMES' OPPOSITION BY SPECIAL APPEARANCE TO PLAINTIFF'S REQUEST FOR AN EXTENSION TO TIME IN WHICH TO COMPLETE SERVICE**

Subject to his special appearance in this case for the sole purpose of opposing Plaintiff Ahmad Shreateh's ("Plaintiff") Affidavit to Serve Summons Upon Defendant Mark Holmes – Late – With an Amended Complaint ("Lallier Affidavit"), Defendant Mark Holmes hereby opposes Plaintiff's request for late service on the grounds that Plaintiff has not shown good cause for his failure to serve Mr. Holmes in a timely manner.[1]  Alternatively, Plaintiff's request to serve Mr. Holmes late should be denied in the interests of conservation of judicial resources, because this Court is without personal jurisdiction over Mr. Holmes.

**I.  PROCEDURAL BACKGROUND**

On July 1, 2004, Plaintiff filed a pro se complaint in Massachusetts Superior Court, Essex County, against Defendants Fannie Mae and Mark Holmes (the "Original Complaint").  On July 8, 2004, Fannie Mae received a copy of the Original Complaint and Summons, and removed

---

[1] Plaintiff chose to file an affidavit instead of a motion to enlarge under Fed. R. Civ. P. 4(m).  In the interests of expediency, Mr. Holmes will treat Plaintiff's request as a Rule 4(m) Motion.  To the extent Plaintiff's Motion to Amend Complaint to Conform to Rules 8 and 10 is viewed as a Rule 4(m) Motion to enlarge, Mr. Holmes hereby, and pursuant to his special appearance, opposes that motion as well.

BOSTON 2329329v3

the case to Massachusetts District Court on the grounds of diversity jurisdiction. Fannie Mae filed its answer on August 10, 2004. In its Answer, Fannie Mae unequivocally stated that the answer was solely on behalf of Fannie Mae, and that to Fannie Mae's knowledge Mr. Holmes had received no service of process of the Complaint. Based upon Plaintiff's July 1, 2004 filing date, he had until October 29, 2004 to complete service upon Mr. Holmes. See Fed. R. Civ. P. 4(e), Local Rule 4.1(A).

Subsequently, on September 27, 2004, C. Tama Donovan received a telephone call from Thornton Lallier, Esq., who introduced himself as counsel for Mr. Shreateh. See Affidavit of C. Tama Donovan ("Donovan Aff.") at ¶ 4. Mr. Lallier informed Ms. Donovan that he intended to amend the Original Complaint. Id. Mr. Lallier also asked Ms. Donovan about the status of Mr. Holmes as a party in the case. Id. at ¶ 5. Ms. Donovan informed Mr. Lallier that no service upon Mr. Holmes had been effected. Id. Upon Mr. Lallier's request that Ms. Donovan accept service, Ms. Donovan stated that she would not accept service on behalf of Mr. Holmes, and further informed Mr. Lallier that it would be Mr. Holmes' position that there was no personal jurisdiction over him in any event. Id. Thereafter, Mr. Lallier made no effort to complete service upon Mr. Holmes. See Id. at ¶ 7; Lallier Aff. at ¶ 4. Mr. Lallier and Ms. Donovan spoke at least one additional time prior to Mr. Lallier's filing of the pending papers, on October 15, 2004, at which time, Ms. Donovan reiterated that service on Mr. Holmes would have to be achieved through means other than her acceptance of service on Mr. Holmes' behalf. Donovan Aff. at ¶ 6. Ms. Donovan also reiterated the fact that even if Mr. Holmes were served, there is no personal jurisdiction over him. Id.

On October 25, 2004, Plaintiff filed the pending papers: a Motion to Amend Complaint to Conform to Rules 8 & 10, as well as an Affidavit to Serve Summons Upon Defendant Mark

2

Holmes – Late – With An Amended Complaint.  Despite the fact that Plaintiff had been represented by counsel for over a month when the 120 day period for service of process expired as of October 29, 2004, no attempts at service were made.

## II.     ARGUMENT

### A.     Plaintiff Has Not Demonstrated Good Cause Under Local Rule 4.1(B).

In order to fulfill the service requirements under Local Rule 4.1(A), the Plaintiff had to serve Mr. Holmes no later than October 29, 2004.  The Plaintiff bears the burden of demonstrating "good cause" for his failure to make such service under Local Rule 4.1(B) (which is analogous to Fed. R. Civ. P. 4(m)).[2]  See McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002).  Here, the only showing Plaintiff offers to support his failure to serve Mr. Holmes in a timely manner is his conclusory allegation that the Plaintiff did not understand the service requirements because he was pro se.  However, *pro se* status in and of itself does not constitute good cause.  See Id. at 384 (*pro se* status is "not automatically sufficient to constitute good cause").

Furthermore, at the latest, Plaintiff had the benefit of representation by counsel, at the latest, by September 27, 2004, which is when Mr. Lallier called to introduce himself to Ms. Donovan.  The Plaintiff may not, now, after having had the benefit of counsel for over one month before the service period lapsed, demonstrate "good cause" on the basis of his *pro se* status.  See Cloyd v. Arthur Andersen & Co. Inc., No. 93-4199, 1994 WL242184, 25 F.3d 1056 (10th Cir. 1994) (unpublished) (affirming decision not to allow enlargement of service period where *pro se* Plaintiff failed to attempt service until the last minute, and his attorney failed "to ensure that proper service was effected within the remaining time once he was retained as

---

[2] The Plaintiff incorrectly seeks leave of the service requirements pursuant to Fed. R. Civ. P. 15(a) and Local Rule 7.1.  Lallier Aff. at ¶ 4.  However, Local Rule 4.1(B) requires that the Plaintiff demonstrate such "good cause" by filing a motion for enlargement under Fed. R. Civ. P. 6(b), which the Plaintiff has failed to do.

3

counsel") (attached hereto as Ex. ("A")).  During the six weeks since September 27, 2004, the Plaintiff has made no effort to serve the Original Complaint or Amended Complaint on Mr. Holmes.  See Morillo v. City of New York, No. 02-8647 (DLC), 2003 WL 22319609, *3 (S.D.N.Y. Oct. 10, 2003) (noting that a plaintiff must be diligent in attempting to serve, and "an attorney's ignorance, inadvertence or neglect do not constitute good cause") (attached hereto as Ex. B); Littleton v. City of Blue Island, No. 02-C-4619, 2003 WL 22057136, *1 (N.D. Ill., Sept. 2, 2003) ("simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a good cause determination") (internal quotations omitted) (attached hereto as Ex. C).[3]  Because Plaintiff's counsel had ample time to serve Mr. Holmes, as well as express notice of the lack of service upon Mr. Holmes since at least September 27, 2004, Plaintiff's counsel cannot demonstrate good cause for his failure to take any steps whatsoever to serve Mr. Holmes.[4]  See McIsaac, 193 F. Supp. 2d at 385 (noting that plaintiffs who delay until the last minute to seek service will not establish good cause); Burke v. City of Boston, No. 98-1891, 1999 WL 1338355, 201 F.3d 426, 426 (1st Cir. 1999) (unpublished) (plaintiff's counsel's assertions as to the merit of the case, that the individual defendants were aware of the case and were not prejudiced, and of his willingness to make expeditious service were insufficient to establish good cause to relieve the failure to serve the individual defendants) (attached hereto as Ex. D).

---

[3] The Plaintiff also cannot demonstrate that service on Fannie Mae effectuated service on Mr. Holmes.  See Chiara v. Dizoglio, 81 F. Supp. 2d 242, 249-50 (D. Mass. 2002) (holding that service on a defendant in his individual capacity must be effectuated by personally serving him or leaving copies of the summons and complaint at his "last and usual place of abode" and not where his Company was located).

[4] Not only does the conduct of plaintiff and his counsel not constitute good cause, but it does not rise to the level of excusable neglect such that the Court could grant plaintiff's request despite the lack of good cause.  See Coleman v. Milwaukee Bd. of Sch. Dir., 290 F.3d 932, 934-935 (7th Cir. 2002) (declining to exercise discretion to allow enlargement of time for service where plaintiff's counsel had no reason for the failure to serve, and had waited until the last minute even to attempt service).

### B. Regardless of Whether Plaintiff Had Timely Served Mr. Holmes, This Court Would Not Have Personal Jurisdiction Over Mr. Holmes.

Although Mr. Holmes is not a party to this lawsuit due to Plaintiff's failure to serve him in a timely manner, it also bears noting in the interests of judicial economy, that this Court would not, in any event, have personal jurisdiction over Mr. Holmes.[5] The Plaintiff bears the burden of proving facts necessary to sustain personal jurisdiction. See, e.g., Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 34-35 (1st Cir. 1998) (finding no personal jurisdiction over the individual defendants whose only in-state activities were attendance at a Nantucket retreat and at a meeting in Boston, both of which were unrelated to the claims at issue); Chlebda v. H.E. Fortna and Bro. Inc., 609 F.2d 1022, 1024 (1st Cir. 1979). The Plaintiff performed work for Fannie Mae as a computer consultant on behalf of Computer Merchants, a Massachusetts company. Original Complaint ¶ 1. The Plaintiff performed his duties in Washington, D.C., where Fannie Mae is located. Id. While acting as a consultant in Washington, D.C., the Plaintiff was supervised by Mark Holmes, a Fannie Mae technical supervisor. Original Complaint ¶¶ 1-2. These allegations do not supply Plaintiff with evidence sufficient "to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992); see also United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618-19 (1st Cir. 2001); Moldflow Corp. v. Simcon, Inc., 296 F. Supp. 2d 34, 38, 45 (D. Mass. 2003) (finding that the plaintiff could not establish personal jurisdiction based on the defendant's data sale to a company in Massachusetts because its claims did not arise from and were not in any way related to such sale).[6] At a minimum, under the traditional *prima facie*

---

[5] Mr. Holmes reserves his right, should the Court permit an enlargement of Plaintiff's time in which to perfect service, and assuming such service is completed, to file a motion to dismiss, setting forth at greater length his argument with respect to personal jurisdiction.
[6] The Amended Complaint does not change this personal jurisdiction. The Amended Complaint alleges the same facts as the Original Complaint -- that Plaintiff was a computer consultant for Fannie Mae in Washington, D.C. and that he worked under the technical supervision of Mr. Holmes, a Fannie Mae employee in Washington, D.C. See Amended Complaint ¶¶ 2, 3, 5, 10, 14

standard for establishing personal jurisdiction, the Plaintiff must set forth "evidence of specific facts" and cannot simply rest upon unsupported allegations. See Boit, 967 F.2d at 675. The Plaintiff's Original Complaint as well as his proposed Amended Complaint is completely devoid of any allegations supporting personal jurisdiction over Mr. Holmes.

Plaintiff has not shown that personal jurisdiction over Mr. Holmes is authorized by the Massachusetts long-arm statute, nor has he demonstrated that Mr. Holmes has at least "minimum contacts" with Massachusetts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citations omitted); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002); Moldflow Corp., 296 F. Supp. 2d at 39. It is plain from the Plaintiff's allegation that the Court does not have "specific jurisdiction" and that the cause of action did not arise from or relate to any contacts by Mr. Holmes with Massachusetts. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 n.8, 9 (1984); Moldflow Corp., 296 F. Supp. 2d at 40.

Further, the Plaintiff does not and cannot demonstrate that Mr. Holmes has sufficient contacts with Massachusetts to support a finding of general personal jurisdiction. See Donatelli v. National Hockey League, 893 F.2d 459 (1st Cir. 1990) (finding that the Boston Bruins' contacts with Rhode Island could not be "imputed" to the defendant in order to establish personal jurisdiction). General jurisdiction exists only where "'the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'" Massachusetts Sch. of Law, 142 F.3d at 34 (quoting United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). The Plaintiff has not offered a single allegation that would

6

suggest "continuous and systematic" activity by Mr. Holmes in Massachusetts. Indeed, the Complaint references no activities by Mr. Holmes in Massachusetts at all. The Plaintiff performed all of his consulting activities in Washington, D.C. and any contact he had with Mr. Holmes was in Washington, D.C. As such, Plaintiff would be unable to show that this court has personal jurisdiction over Mr. Holmes under either specific or general jurisdiction theories.

### III.  CONCLUSION.

For the reasons set forth above, Mr. Holmes respectfully requests that the Court deny Plaintiff's request for an enlargement of time in which to complete service.

FANNIE MAE and MARK HOLMES

By their attorneys,

/s/ C. Tama Donovan
Neil Jacobs, Esq. (BBO #249300)
C. Tama Donovan, Esq. (BBO #641292)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated this 10th day of November 2004.

**CERTIFICATE OF SERVICE**

I, C. Tama Donovan, do hereby certify that on this 10th day of November, 2004, I caused a true and correct copy of the foregoing document to be served by first class mail on counsel for the Plaintiff: Thorton E. Lallier, Esq., Lallier Law Office, 159 Main Street, P.O. Box. 689, Amesbury, MA 01913.

/s/ C. Tama Donovan