**EXHIBIT A**

Westlaw.

25 F.3d 1056 (Table)
25 F.3d 1056 (Table), 1994 WL 242184 (10th Cir.(Utah))
**Unpublished Disposition**
(Cite as: 25 F.3d 1056, 1994 WL 242184 (10th Cir.(Utah)))

Page 1

**H**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals,
Tenth Circuit.

Timothy A. CLOYD, Plaintiff-Appellant,
v.
Arthur ANDERSEN & COMPANY, INC., Defendant-Appellee,
and
Roxanne LAINE, Defendant.

No. 93-4199.

June 7, 1994.

ORDER AND JUDGMENT [FN1]

Before LOGAN, SETH, and BARRETT, Circuit Judges.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of his complaint for failure to effect service on defendant-appellee Arthur Andersen & Co. within 120 days after the filing of the complaint, as required by former Fed.R.Civ.P. 4(j) (now Rule 4(m)). The district court determined that plaintiff did not establish either good cause to excuse his failure to comply with Rule 4(j) or excusable neglect to warrant extending the time for service pursuant to Fed.R.Civ.P. 6(b)(2).

"Dismissal of a complaint for failure to comply with the 120-day time period contained in Fed.R.Civ.P. 4(j) will be set aside only for an abuse of discretion." Putnam v. Morris, 833 F.2d 903, 904 (10th Cir.1987). We conclude that the district court did not abuse its discretion and, therefore, affirm.

Acting pro se, plaintiff filed a complaint against defendants on December 17, 1992, the ninetieth day after he received a right to sue letter from the Equal Employment Opportunity Commission, alleging causes of action for discrimination and wrongful termination. Plaintiff did not attempt service of the complaint on either defendant. In early April 1993, plaintiff retained counsel, who filed an amended complaint on April 12. On April 15, the 120th day after the original complaint was filed, plaintiff served a summons and the amended complaint on defendant Arthur Andersen.

The summons, however, was not signed by the clerk of the court or issued under the seal of the court, as required by Rule 4(b). Instead, the summons was issued by plaintiff's counsel over his own signature. As such, plaintiff concedes, the summons was incurably defective. See, e.g., United States v. National Muffler Mfg., Inc., 125 F.R.D. 453, 455 (N.D. Ohio 1989); 2 James W. Moore, Moore's Federal Practice 1/24.04 (2d ed.1994). On May 1, 1993, Arthur Andersen moved to dismiss the complaint on the ground that plaintiff failed to effect valid service within 120 days of filing the complaint. On May 16, plaintiff served a proper summons and complaint on Arthur Andersen. On May 23, plaintiff filed a motion seeking to enlarge the time for service, which the district court construed to be a motion pursuant to Rule 6(b)(2). Arthur Andersen then moved again to dismiss the complaint, arguing that plaintiff had shown neither good cause nor excusable neglect for his failure to effect timely service. The district court agreed, and dismissed the complaint. Because the statute of limitations had then run on plaintiff's claims, the district court's dismissal was with prejudice. See Putnam, 833 F.2d at 904-05 (noting that although a dismissal for failure to serve complaint timely is without prejudice, it may "operate as a dismissal with prejudice when the action will be time-barred").

**\*\*2** On appeal, plaintiff argues that the district court abused its discretion in dismissing his complaint because it failed to consider that (1) plaintiff exercised diligent and reasonable effort to serve the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

25 F.3d 1056 (Table)									Page 2
25 F.3d 1056 (Table), 1994 WL 242184 (10th Cir.(Utah))
**Unpublished Disposition**
(Cite as: 25 F.3d 1056, 1994 WL 242184 (10th Cir.(Utah)))

summons and complaint on time; (2) Arthur Andersen had actual notice of the civil action; (3) Arthur Andersen suffered no prejudice as a result of the untimely service; and (4) plaintiff would be severely prejudiced by the dismissal. We do not find plaintiff's arguments persuasive.

Contrary to plaintiff's assertions, the record shows that plaintiff was extremely dilatory in serving the complaint and summons: plaintiff waited until the last day to attempt service. That counsel acted promptly to correct the defect in service once he learned of it does not excuse either his client's failure to effect service during the more than three months that he proceeded pro se, see *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.1993)(noting that pro se litigants are required to follow the dictates of Rule 4(j)), or his own failure to ensure that proper service was effected within the remaining time once he was retained as counsel. As to the remaining three factors, when service on the United States is not at issue, neither actual notice to the defendant, lack of prejudice to the defendant, nor prejudice to the plaintiff, whose claims will be time-barred, constitute good cause for failing to comply with the time requirements of Rule 4(j). *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 n. 5, 1439 (10th Cir.1994).

Nor do the facts relied on by plaintiff demonstrate excusable neglect that might warrant an extension of the time for service pursuant to Rule 6(b)(2). *See Putnam*, 833 F.2d at 905 (noting that the good cause and excusable neglect standards are interrelated); *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir.1974)("We recognize that a finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period.").

The district court's extremely thorough memorandum decision reveals that it fully considered all the relevant facts and law in reaching its decision. Plaintiff argues, however, that we should review the district court's decision in light of the amendments to Rule 4 that took effect on December 1, 1993, while this case was pending on appeal. Pursuant to those amendments, the provisions of Rule 4(j) were incorporated in new Rule 4(m), with one change: district courts now have discretion to allow the plaintiff additional time in which to serve the complaint without a showing of good cause. *See* Fed.R.Civ.P. 4(m) advisory committee's note. Arthur Andersen argues, in turn, that the 1993 amendments do not apply here.

We need not decide whether the provisions of new Rule 4(m) apply to this case. Under the new rule, the grant of additional time remains discretionary with the district court. That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time under new Rule 4(m). *See* Fed.R.Civ.P. 4(m) advisory committee's note ("Relief *may be* justified, for example, if the applicable statute of limitations would bar the refiled action....")(Emphasis added.).

\*\*3 Plaintiff, here, waited until the last day of the statute of limitations to file his complaint and then waited until the last day of the service period to serve his complaint. Valid service, therefore, was imperative to preserve plaintiff's claims. Yet plaintiff failed to take the simple precaution of ensuring that the summons was properly issued by the clerk of the court. A facial examination of the summons served shows that it did not even contemplate issuance, signature, or seal by the clerk of the court. *Compare* Br. of Appellee, Addendum A *with* Fed.R.Civ.P., App. of Forms, Form 1. Under the circumstances, it was not an abuse of discretion to dismiss the complaint under former Rule 4(j), and it would not be an abuse of discretion to dismiss it under new Rule 4(m).

The judgment of the United States District Court for the District of Utah is AFFIRMED. Defendant Arthur Andersen's motions for sanctions and to strike plaintiff's response to sanctions are DENIED.

> FN1. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

25 F.3d 1056 (Table), 1994 WL 242184 (10th Cir.(Utah)) Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

Not Reported in F.Supp.2d  
2003 WL 22319609 (S.D.N.Y.)  
(Cite as: 2003 WL 22319609 (S.D.N.Y.))

Page 1

**H**
Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,  
S.D. New York.

Ramon MORILLO, Plaintiff,  
v.  
CITY OF NEW YORK, Fausto Rodriguez, and Unknown Number of New York City Police Officers Who Identities Are Not Yet Known, Defendants.

No. 02 Civ. 8647(DLC).

Oct. 10, 2003.

Citizen brought civil rights action against city and police officer under Fourth, Fifth, and Fourteenth Amendments alleging illegal search and seizure, arrest, and incarceration. On citizen's motion to extend discovery, and defendants' motion for summary judgment, the District Court, Cote, J., held that citizen was not entitled to extension of time to serve police officer.

Discovery motion denied, and summary judgment granted for defendants.

**Federal Civil Procedure** ⚖417  
170Ak417 Most Cited Cases  
Citizen, as plaintiff, was not entitled to extension of time to serve police officer, as defendant, in civil rights lawsuit under Fourth Amendment; citizen was not diligent in his efforts to serve police officer since city provided citizen with information on how to serve officer on same day that citizen expressed difficulty in effectuating service but service still was not made, and city would have been prejudiced by extension since further litigation would have required discovery to be reopened and would have entailed further motion practice regarding officer's statute of limitations defense. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 4(m), 28 U.S.C.A.  
Andres M. Aranda, Aranda & Guttlein, New York, NY, for Plaintiff.

Michael A. Cardozo, Hillary A. Frommer, Corporation Counsel of the City of New York, New York, NY, for Defendant.

*OPINION & ORDER*

COTE, J.

*1 On October 29, 2002, Ramon Morillo ("Morillo") filed this civil rights action against the City of New York ("City"), Detective Fausto Rodriguez ("Rodriguez"), and unnamed police officers. The City has moved for summary judgment and Morillo, who has been represented throughout this litigation by counsel, cross-moves to extend the time to serve Rodriguez. For the following reasons, the City's motion is granted and the plaintiff's cross-motion is denied.

*Background*

On April 2, 1999, Rodriguez and other New York City police officers executed a search warrant at a Manhattan apartment. Drugs and a gun were seized during the search, and Morillo was arrested on a street corner not far from the apartment. Morillo was charged with drug and gun offenses, and indicted for drug offenses on April 13, 1999. From his arrest until September 12, 1999, over five months later, Morillo was incarcerated. The indictment was dismissed on February 24, 2000, following a hearing on a motion to suppress. During his prosecution, Morillo was represented by Andres Aranda, the same attorney who represents him in this civil action.

On May 30, 2000, the City received a Notice of Claim filed by Morillo. On June 2, 2000, the City, citing General Municipal Law Section 50-e, advised Morillo that the claim had been disallowed as filed more than 90 days from the "date of occurrence."

On October 29, 2003, Morillo filed this action pursuant to 42 U.S.C. § 1983, for violations of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under state law. Morillo served the City on December 9, 2002. On January 24, 2003, at an initial pretrial conference, a schedule was set for the case. Initial disclosures were to be served by March 7, and discovery was to be completed by May 30. At the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                            Page 2
2003 WL 22319609 (S.D.N.Y.)
(Cite as: 2003 WL 22319609 (S.D.N.Y.))

conference, the parties discussed the fact that the named defendant had not yet been served.

On March 5 the City served its initial disclosures. After prompting by the defendant, Morillo served his initial disclosures on March 15. During the discovery period, the City served interrogatories and requests for production of documents and deposed the plaintiff. The plaintiff took no discovery. Neither the plaintiff nor his attorney appeared before the Magistrate Judge for the settlement conference held on June 11.

On July 16 the City filed its motion for summary judgment on all of the claims against it, citing various grounds, including the failure to prove that any violation of Morillo's rights was a result of a policy that would render the City liable under the teaching of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and the fact that Morillo's state law claims were filed after the one year and ninety day statute of limitations period that applies to such claims, *see Hyde v. Arresting Officer Caputo*, No. 98 Civ. 6722(FB), 2001 WL 521699, at *5 (E.D.N.Y. May 11, 2001).

Morillo has not opposed this motion. Instead, Morillo has cross-moved to extend the time to serve Rodriguez. In connection with that cross motion, the parties have presented the following facts regarding the service issue.

*2 On February 1, 2003, Mr. Aranda wrote to Global Process Service ("Global") requesting that it serve a summons and complaint upon Rodriguez at One Police Plaza by February 3, 2003. The letter advised the company that the City had already been served. On February 10, Mr. Aranda wrote to the Court describing the attempt by Global to serve Rodriguez. He explained that personnel at One Police Plaza had refused to accept service since Rodriguez does not work there. He asked that the Court direct the Corporation Counsel to accept service or provide an address at which service could be made. That same day, the Corporation Counsel responded in writing and described how Rodriguez, a narcotics officer, could be served: "Service of process may be effectuated upon Detective Rodriguez, a narcotics officer, by hand *delivering* the summons and complaint *to* One Police Plaza, *Room 1100,* New York, New York 10038 *and mailing* a copy of both documents to Detective Rodriguez at that same address." (Emphasis supplied.) The City's letter advised the Court that it would have provided this information to Mr. Aranda if he had indicated that he was having difficulty serving Rodriguez, and that an Order was not necessary.

In response to the City's motion for summary judgment, which asserts that Rodriguez was never served in this action and that the time to serve him has expired, as has the statute of limitations for bringing any claim against him, Mr. Aranda presents for the first time an affidavit dated July 21, 2003 asserting that there was an attempt to serve Rodriguez on March 3, with a summons and complaint at One Police Plaza. The affidavit recites that "DET. FAUSTO RODRIGUEZ was not known there and the papers were not accepted there." There is no indication in the affidavit if there was an attempt to serve Rodriguez by delivering the summons and complaint to *Room 1100*. There is no representation that there was any mailing to One Police Plaza as part of an effort to serve Rodriguez. Mr. Aranda never advised the Court in March of any difficulty in serving Rodriguez and in fact took the position with the City in March that Rodriguez had been served.

In response to the City's letter of March 10 inquiring about the plaintiff's initial disclosures, which were to have been served by March 7, Mr. Aranda sent *inter alia* what he described as a copy of the affidavit of service upon Rodriguez. The affidavit reflected service on the *City* on February 26, however, and not on Rodriguez. The City's attorney informed Mr. Aranda on March 17 that the affidavit was evidence of service on the City and not on Rodriguez. Mr. Aranda responded on March 22, by sending another copy of the same affidavit of service to the City. Mr. Aranda never advised the City after February 10 that he needed assistance in serving Rodriguez.

In a conversation of April 28, the City again advised Mr. Aranda that Rodriguez had never been served and that the statute of limitations had expired on February 24, 2003. Mr. Aranda indicated at that time that he would not attempt to serve Rodriguez but would proceed against the City alone. [FN1] Mr. Aranda did not advise the City at that time of any attempt to serve Rodriguez on March 3 or at any other time. On May 20, during the plaintiff's deposition, the City again advised Mr. Aranda that the City was the only defendant in the action.

> FN1. Mr. Aranda asserts that the conversation with the City on April 28 was part of "settlement discussions" and should not be used as evidence in connection with this motion. The City denies that these

Not Reported in F.Supp.2d  
2003 WL 22319609 (S.D.N.Y.)  
**(Cite as: 2003 WL 22319609 (S.D.N.Y.))**

Page 3

statements were made in the course of settlement discussions. It is unnecessary to resolve this dispute since Mr. Aranda does not assert that he ever informed the City after February 10 that he needed its assistance to serve Rodriguez.

*Discussion*

**\*3** As noted, there is no opposition to the City's motion for summary judgment. [FN2] The only issue that requires discussion, therefore, is the cross-motion by the plaintiff to extend the time to serve individual defendant Rodriguez. Morillo contends that the 120 days within which service must be made, *see* Rule 4(m), Fed. R. Civ. P., should be extended for good cause shown. [FN3]

> FN2. In a reply affidavit of August 14, Mr. Aranda requests for the first time an extension of the discovery period so that he can take discovery of the City regarding its reliance on confidential informants to obtain search warrants, and to obtain information to identify other police officers who participated in the arrest of his client and the asserted violation of his client's rights. Discovery closed on May 30. The August 14 request to reopen discovery comes too late.
> To the extent that Morillo contends that the City breached its duty to make a voluntary disclosure of any of this information in its initial disclosures, it is also too late to raise such a breach with the Court. The City provided its voluntary disclosures to the plaintiff on March 5; if there were any inadequacy with the disclosures, it was incumbent on the plaintiff to raise the issue at that time first with the City, and if the problem remained unresolved, with the Court.

> FN3. Because the plaintiff has not shown that he is entitled to an extension of the time to serve Rodriguez, it is unnecessary to address the City's additional argument that the statute of limitations for bringing any suit against Rodriguez has also run.

Rule 4(m) provides in pertinent part that if service has not been made within 120 days of the filing of the complaint, the court shall dismiss the action without prejudice as to that defendant, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). The plaintiff bears the burden of showing good cause for his failure to serve within the required time. *See Hutchinson v. New York State Correctional Officers,* No. 02 Civ. 2407(CBM), 2003 WL 22056997, at \*10 (S.D.N.Y. Sept.4, 2003); *AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.,* 197 F.R.D. 104, 108 (S.D.N.Y.2000). To determine whether good cause has been shown, the court considers the plaintiff's efforts to effectuate service and the prejudice to the defendant from the delay. *See Hutchinson,* 2003 WL 22056997, at \*10. The plaintiff must be diligent in attempting to serve, and the court may consider any requests for an extension of the time to serve. *See AIG Managed Market Mutual Fund,* 197 F.R.D. at 108. An attorney's ignorance, inadvertence or neglect do not constitute good cause. *See Feingold v. Hankin,* 269 F.Supp.2d 268, 276 (S.D.N.Y.2003); *AIG Managed Market Mutual Fund,* 197 F.R.D. at 108.

Morillo has not shown that he made any timely and legally sufficient effort to serve Rodriguez. He has not shown that he ever attempted to serve him by delivering the summons and complaint to Room 1100 at One Police Plaza, or by mailing the documents to that address. The City provided him with the correct information for service on the very day that he first brought the issue to the attention of the Court and defense counsel: February 10. Therefore, Morillo has not shown he was diligent in his efforts to serve Rodriguez. The City has also shown that it would be prejudiced by an extension. Further litigation would require discovery to be reopened and would entail further motion practice regarding Rodriguez's statute of limitations defense.

Because he has not shown that he ever took the steps he needed to take to effect service, Morillo's argument that the City obstructed service can be swiftly rejected. Again, as soon as it was advised that Morillo needed assistance in understanding how to effect service, it provided that information to Morillo.

*Conclusion*

The motion by the City of New York for summary judgment is granted. The cross-motion to extend the time to serve Detective Rodriguez is denied.

SO ORDERED:

2003 WL 22319609 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2003 WL 22319609 (S.D.N.Y.)  
**(Cite as: 2003 WL 22319609 (S.D.N.Y.))**

Page 4

- 1:02CV08647 (Docket) (Oct. 29, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

**Westlaw.**

Not Reported in F.Supp.2d  
2003 WL 22057136 (N.D.Ill.)  
(Cite as: 2003 WL 22057136 (N.D.Ill.))

Page 1

C

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,  
N.D. Illinois, Eastern Division.

Joe LITTLETON, Plaintiff,  
v.  
CITY OF BLUE ISLAND, et al., Defendants.

No. 02 C 4619.

Sept. 2, 2003.

Ian L. Greengross, Zucker, Greengross & Healy Ltd., Northbrook, IL, for Plaintiff.

Cary Alexander Horvath, Law Office of Cary A. Horvath, Blue Island, IL, for Defendant.

ORDER

GOTTSCHALL, J.

*1 On June 28, 2002, plaintiff Joe Littleton filed a four count complaint against defendants Carlos Ortega and the City of Blue Island ("the City"). The first two counts allege false arrest and malicious prosecution in violation of 42 U.S.C. § 1983 against Ortega, an officer of the City of Blue Island Police Department. The third and fourth counts are Illinois state common law claims of false arrest and malicious prosecution against both Ortega and his employer, the City, under a theory of *respondeat superior*. On February 18, 2003, the City filed a motion to dismiss, asserting that the federal counts against Ortega in Counts I and II should be dismissed under Fed.R.Civ.P. 12(b)(5) because Littleton has failed to effectuate service of process on Ortega pursuant to Fed.R.Civ.P. 4(m), and that the court should therefore decline to exercise supplemental jurisdiction over the pendant state claims in Counts III and IV, dismissing those counts for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

*Background*

Littleton alleges in his complaint that on July 2, 2001, when he was attending a baseball game in Blue Island with his five-year old grandson, a minor altercation occurred between himself and Ortega concerning whether Littleton could watch the game from behind the field's backstop. Littleton alleges that after he and his grandson left the game, Ortega stopped him, threatened him, and had him arrested, detained and prosecuted for disorderly conduct. Littleton was found not guilty of disorderly conduct on July 25, 2001, and proceeded to file this four-count suit against Ortega and the City on June 28, 2002.

On October 26, 2002, 120 days after Littleton filed his complaint, he (or more accurately, his lawyer) had not yet served either defendant with the summons or complaint. Six weeks later, on December 5, 2002, Littleton orally requested and received a twenty-one day extension to effectuate service of process. Littleton then waited until December 26, 2002, the last day of the extension period, to have the summons issued for both defendants. Littleton managed to serve the City, but to this date, Ortega has not been served. On February 18, 2003, the City filed its motion to dismiss the complaint.

*Analysis*

Under Fed.R.Civ.P. 4(m), "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." [FN1] If the district court finds that plaintiff has "good cause" for his failure to effectuate process within the time established by Rule 4(m), the district court must allow the plaintiff additional time to effectuate service of process. *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir.1996) ("[W]here good cause is shown, the court shall extend the time for service, and the inquiry is ended."). "Good cause means a valid reason for delay...." *Coleman v. Milwaukee Bd. of Sch. Directors,* 290 F.3d 932, 934 (7th Cir.2002) (citations omitted). Rule 4(m) (previously Rule 4(j)) does not define "good cause," and the legislative history provides only one example of good cause:

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d							Page 2
2003 WL 22057136 (N.D.Ill.)
**(Cite as: 2003 WL 22057136 (N.D.Ill.))**

when service is delayed because the defendant is attempting to evade service. [FN2] Geiger v. Allen, 850 F.2d 330, 333 (7th Cir.1988). Although what *is* good cause is unclear, what *is not* good cause is quite clear. "[S]imple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." Floyd v. U.S., 900 F.2d 1045, 1047 (7th Cir.1990). In any event, it is the plaintiff who bears the burden of showing good cause. Geiger, 850 F.2d at 333; see also Sullivan v. Mitchell, 151 F.R.D. 331, 332-33 (N.D.Ill.1993) ("Plaintiff must show reasonable and diligent efforts at effecting service to support a finding of good cause. A plaintiff makes reasonable effort if he proceeds in a manner reasonably calculated to effect service within 120 days."). Littleton does not satisfy that burden.

> FN1. The burden of serving an individual is not particularly onerous. Serving Ortega pursuant to Fed.R.Civ.P. 4(e) requires either personal delivery, delivery to defendant's dwelling (with process being left with some resident of suitable age and discretion), or delivery to defendant's designated agent or service pursuant to Illinois state law.

> FN2. Although the plaintiff has not alleged that Ortega is evading service (the plaintiff alleges no reason at all for his failure to serve Ortega), if plaintiff were to do so, the Seventh Circuit cautions that evasion may not be inferred from "repeated, though faulty, attempts at service of process[.]" *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 303 (7th Cir.1991) (italics omitted).

*2 In opposing the motion to dismiss, Littleton asserts that his attempts to serve Ortega to date, while fruitless, have been "diligent." (Pl.resp.¶ 5.) However, he offers no more than this self-serving conclusion as evidence of diligence, and his actions belie any inference of diligence. During the original 120-day period, Littleton did not even have a summons issued, let alone attempt to serve the defendants. What is more, Littleton has already asked for and received one extension to make service on Ortega-though he did not bother to make that request until six weeks after his original 120 days expired. Littleton then waited until the last day of the allotted twenty-one day extension period to have the summons issued. Diligent counsel would not have left himself without any margin for error, in case the summons could not be issued and served in the same twenty-four hour period. Moreover, although Littleton never served Ortega, he failed even to seek another extension until faced with the City's motion to dismiss; at that point, he raised the issue in his opposition brief, rather than through a properly noticed motion. In doing so, he provided no explanation for the delay. The court thus does not even know what efforts, if any, he has made to serve Ortega. The court therefore finds no good cause for the delay.

Absent good cause, the court has the discretion to dismiss without prejudice or grant an additional extension of time. Fed.R.Civ.P. 4(m). Here, Littleton's only argument in asking the court to grant an extension is that his claim should be heard on the merits. He makes no arguments that Ortega has been evading service, or that his claims will be time-barred if the court dismisses them without prejudice. See Advisory Committee Note to Fed.R.Civ.P. 4(m). Because Littleton has neither established good cause for failing to serve Ortega nor otherwise persuaded the court to exercise its discretion to grant an additional extension of time, the court dismisses the federal claims in Counts I and II without prejudice.

That leaves only the state law claims in Counts III and IV against the City and Ortega. [FN3] The court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over either of these claims, and therefore dismisses them without prejudice as well . [FN4]

> FN3. The state law claims against Ortega, like the federal claims, could also be dismissed for failure to serve him in accordance with Rule 4(m).

> FN4. Littleton can still file Counts III and IV in state court. Illinois' two year statute of limitations for false arrest and malicious prosecution claims, 735 ILCS 5/13-202, was tolled when plaintiff filed his complaint in federal court. 28 U.S.C. § 1367(d).

2003 WL 22057136 (N.D.Ill.)

Motions, Pleadings and Filings (Back to top)

• 1:02CV04619 (Docket) (Jun. 28, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT D**

Westlaw.

201 F.3d 426 (Table) Page 1
201 F.3d 426 (Table), 1999 WL 1338355 (1st Cir.(Mass.))
**Unpublished Disposition**
(Cite as: 201 F.3d 426, 1999 WL 1338355 (1st Cir.(Mass.)))

Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA1 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, First Circuit.

Elvin A. BURKE, Plaintiff, Appellant,
v.
CITY OF BOSTON, et al., Defendants, Appellees.

No. 98-1891.

July 2, 1999.

Appeal from the United States District Court for the District of Massachusetts, Edward F. Harrington, U.S. District Judge.

James P. Duggan, for appellant.

Dawna McIntyre, Assistant Corporation Counsel, City of Boston Law Department, with whom Merita A. Hopkins, Corporation Counsel, was on brief, for appellees.

Before LIPEZ, Circuit Judge, ALDRICH and KRAVITCH, [FN*] Senior Circuit Judges.

> FN* Of the Eleventh Circuit, sitting by designation.

PER CURIAM.

**1 Plaintiff Elvin Burke sued the City of Boston and four Boston police officers, alleging a violation of the Massachusetts Tort Claims Act, several intentional torts, and violations of state and federal civil rights laws. After plaintiff's properly serving the City, but failing to serve the four individual defendants within the requisite time period, the district court dismissed his claims against all defendants. We affirm in part and reverse in part.

The present action arose from events allegedly taking place on October 10, 1994. Burke maintains that he was unlawfully detained, arrested, and beaten by uniformed Boston police officers while he was shopping at an Auto Palace in Roslindale, Massachusetts. He was subsequently charged with several assault and battery counts, among others, but all charges were dismissed for want of prosecution on April 3, 1995.

On July 3, 1997, Burke filed a complaint in the state court, naming the four officers and the City of Boston. He alleged that the City was liable for negligent supervision under the Massachusetts Tort Claims Act, Mass.Gen.Laws ch. 258, and that all five defendants had committed state and federal civil rights violations, and he accused the four officers of assault and battery, civil conspiracy, false arrest, and malicious prosecution. Service was made on the City on July 25, and the City removed the case to the district court on August 11 and filed its answer on October 29. At that point, the four officers had not yet been served, and they still had not been served at the time of the first scheduling conference on December 8. During that conference, counsel for the City stated to the court with Burke's counsel present that the four officers still had not been served. On April 9, 1998, the four officers filed a motion to dismiss for failure to serve them, and the court allowed the motion on May 15. The court also dismissed the claims against the City of Boston "on the ground that the case has now been dismissed against all the employees of the City of Boston." Burke did not respond to the officers' initial motion, but filed a motion to vacate the order of dismissal on June 3. The officers and the City filed a response on June 12, and Burke filed his supporting memorandum on June 18. The court denied the motion.

Burke now asks us, first, to reverse the dismissal of his claims against the four individual officers. This we decline to do. Federal Rule 4(m) applies here since no service was made prior to removal, see 28 U.S.C. § 1448, and it requires dismissal if service is not made within 120 days of the filing of the complaint unless the plaintiff shows "good cause" for the failure. We review a district court's determination on this question for abuse of discretion. See Benjamin v. Grossnick, 999 F.2d 590, 591 (1st Cir.1993). Burke made no response to the officers' motion to

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

201 F.3d 426 (Table)
201 F.3d 426 (Table), 1999 WL 1338355 (1st Cir.(Mass.))
**Unpublished Disposition**
**(Cite as: 201 F.3d 426, 1999 WL 1338355 (1st Cir.(Mass.)))**

Page 2

dismiss, instead filing a motion to vacate over two weeks after the district court ordered dismissal and a supporting memorandum another two weeks later, several days after the officers filed their opposition. The factors Burke discussed in those filings--the merits of his case, the assertion that the police officers knew that they were being sued, his participation in a court-ordered scheduling conference, and his willingness to make expeditious service--can hardly be considered reasons, much less "good cause," for counsel, as he admitted at oral argument, simply forgetting to serve the four officers.

**\*\*2** Burke claims dismissal on the basis of a technicality despite the absence of prejudice to the defendants and his willingness to make expeditious service was contrary to the spirit of the Federal Rules. He misconstrues the nature of the current situation and the applicability of our precedents. It is true that we would not require dismissal where a minor, technical error resulted in defective service of process but the defendant was not prejudiced. *See, e.g., Libertad v. Welch,* 53 F.3d 428, 440 (1st Cir.1995); *Roque v. United States,* 857 F.2d 20, 22 (1st Cir.1988). However, there must first be substantial compliance. *See Precision Etchings & Findings v. LGP Gem, Ltd.,* 953 F.2d 21, 24 (1st Cir.1992). Such was entirely lacking here. This was a case not of defective service but of no service at all, and the lack of prejudice to the defendants (assuming there was none) cannot negate counsel's fundamental failure.

The claims against the City are a different matter. The City did not seek dismissal of the claims against it. Even after dismissal without prejudice of all the claims against the individual officers, there remained an allegation of federal constitutional violations by the City. The district court also had supplemental jurisdiction over the two state law claims against the City. *See* 28 U.S.C. § 1367. Given these circumstances and the fact that the City was properly served, it was improper for the district court to dismiss Burke's claims against it.

The City's citation to *Los Angeles v. Heller,* 475 U.S. 796, 798-99 (1986), is misplaced. Here there has not been a finding on the merits that Burke suffered no constitutional injury, and he may show one even without the officers as individual party defendants.

For the reasons stated, we affirm the district court's dismissal of Burke's claims against the four individual Boston police officers. We reverse the dismissal of Burke's claims against the City of Boston and remand for further proceedings consistent with this opinion.

201 F.3d 426 (Table), 1999 WL 1338355 (1st Cir.(Mass.)) Unpublished Disposition

Briefs and Other Related Documents (Back to top)

• 98-1891 (Docket) (Aug. 11, 1998)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.