UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMAD SHREATEH,<br><br>       Plaintiff,<br><br>    v.<br><br>FANNIE MAE and<br>MARK HOLMES,<br><br>       Defendants. | Civil Action No. 04-11713-NMG |

## AFFIDAVIT OF C. TAMA DONOVAN

I, C. Tama Donovan, under the pains and penalties of perjury state:

1. I make this affidavit in support of Mark Holmes' opposition to Plaintiff Ahmad Shreateh's ("Plaintiff") Affidavit to Serve Summons Upon Defendant Mark Holmes – Late – With an Amended Complaint. I have personal knowledge of the facts and matters stated herein, except those stated on information and belief, and as to those, I believe them to be true.

2. In addition to acting as counsel to Fannie Mae in the above-captioned lawsuit, the law firm of Wilmer Cutler Pickering Hale and Dorr represents Mark Holmes, a Fannie Mae employee, in connection with his being named as a defendant in this lawsuit.

3. When Fannie Mae filed its answer to Plaintiff's Complaint on August 10, 2004, Mark Holmes had received no service of the Complaint. Therefore, Mr. Holmes did not join in or file any answer.

2

4. On September 27, 2004, I received a telephone call from Thornton Lallier, Esq., who introduced himself as counsel for Mr. Shreateh. Mr. Lallier told me that he intended to amend the Original Complaint.

5. During our September 27, 2004 conversation, Mr. Lallier also inquired about the status of Mr. Holmes as a party in the case. I told Mr. Lallier that no service upon Mr. Holmes had been effected. Upon Mr. Lallier's request that I accept service on Mr. Holmes behalf, I declined to do so, and informed Mr. Lallier that based upon the Plaintiff's allegations and the underlying facts, there was no personal jurisdiction over Mr. Holmes.

6. Mr. Lallier contacted me at least one additional time prior to his filing of a Motion to Amend Complaint to Conform to Rules 8 & 10, as well as an Affidavit to Serve Summons Upon Defendant Mark Holmes – Late – With An Amended Complaint. During this conversation, on October 15, 2004, I again stated that there was no personal jurisdiction over Mr. Holmes, and that service on Mr. Holmes would have to be achieved through means other than my acceptance of service on Mr. Holmes' behalf.

7. To my knowledge, at no time has any attempt been made to perfect service of process upon Mr. Holmes in this lawsuit.

Signed under the pains and penalties of perjury this 10th day of November 2004.

/s/ C. Tama Donovan

3

**CERTIFICATE OF SERVICE**

I, C. Tama Donovan, do hereby certify that on this 10th day of November, 2004, I caused a true and correct copy of the foregoing document to be served by first class mail on counsel for the Plaintiff: Thorton E. Lallier, Esq., Lallier Law Office, 159 Main Street, P.O. Box. 689, Amesbury, MA 01913.

/s/ C. Tama Donovan

3