UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civ. A. No. 04-11713-NMG

| | |
|---|---|
| **AHMAD SHREATEH**<br>12 Palis Drive<br>Salisbury, MA 01952<br>    Plaintiff<br><br>vs.<br><br>**FANNIE MAE**, a/k/a<br>Wisconsin Avenue,<br>Washington, D.C.<br><br>and<br><br>**MARK HOLMES**<br>c/o Fannie Mae<br>Wisconsin Avenue,<br>Washington, D.C.<br>    Defendants | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND SUMMONS TO MARK HOLMES** |

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, pro se, filed a Complaint against the Defendants named above on or about July 1, 2004 in Essex Superior Court, Salem, MA, Docket No. ESCV2004-0128.

2. Defendant Fannie Mae gave notice of removal of the above matter to First United States District Court in Boston, MA on grounds of diversity of the parties, Docket No. 04-11713-NMG.

1

3. Defendant Fannie Mae responded to Plaintiff's pro se Complaint on or about August 10, 2004 with two affirmative defenses.

4. On or about October 25, 2004, Plaintiff now with an attorney, Thornton E. Lallier, filed Motion to Amend to clarify and simplify the issues, have a new summons to issue by this Court, and extend time of service of process with separate complaint naming, now, Mark Holmes as a Defendant.

5. Plaintiff, over opposition of Defendant Fannie Mae and who further refused to accept service for its culpable employee, Mark Holmes, named in the complaint with Fannie Mae, has now made a **Second Amendment** to this case in order to have a separate summons to issue, as the Court may order, for Mark Holmes as a Defendant.

**ARGUMENT**

6. Original service was made and governed under Massachusetts Rules of civil Procedure, Rule 4. This is the original jurisdiction of the above named claim. **Exhibit 1, 3 pages.**

7. M.R.C.P. Rule 4(g) allows amendment to a summons. This opportunity, if necessary in the eyes of the Court, has passed because the above matter has been transferred by the

Defendant Fannie Mae to this Court on issues of diversity of the parties.

8. Without waiving any rights in the present service upon the Defendant parties, it is presently expressed under F.R.C.P. 4(a) "the Court may allow a summons to be amended" as set forth in the last line of F.R.C.P. 4(a).

9. Any delay in filing a separate summons by Plaintiff in pro se and by present counsel as of his appearance on October 25, 2004, is because of a lack of time and Defendant Fannie Mae not accepting present served summons on both Defendants or waiving service under the provision of F.R.C.P. 4(d).

10. The present summons which was served on Defendants Fannie Mae and Mark Holmes together at the location where the defendants are located in Washington, D.C. fulfilled the requirements of F.R.C.P. 4(a). It was signed by the Clerk, under the seal of the Massachusetts Court where this action commenced *(28 U.S.C.S., Sec. 1691)*

11. The present served summons contained the name of the Essex Superior Court in Massachusetts before this action was removed to the U.S. District Court. The summons also contained the names of the parties to this suit and was directed to the Defendants clearly as required by F.R.C.P. 4(a). Nothing in Rule precludes identifying more than one

3

Defendant on the Summons so long as they are identified as parties.

12. A misnomer with regard to a Defendant need not be grounds for dismissal if so considered upon its effect if intelligent persons can understand what was intended. *United States v. A.H. Fisher Lumber co.*, (1947 C.A. 4 SC) 162 F2d 872

13. Or if the party intended to be served knows, or has good reason to know, that he has been proceeded against. 2nd Circuit – *Kroetz v. AFT – Davidson Co.*, (1984 ED NY) 39 FR Service 2nd 1354, 102 FRD 934

14. It has been held that a summons, although not in literal compliance with F.R.C.P. 4(a), is not fatally flawed when it indicates the parties if the complaint naming all of the parties is attached to the summons, as in this case. *Newman v. Prior* (1975, CA 4 Va) 518 F2d 97; cf: *Vega Matta v. Alvarez DeChoudeus* (1977 DC Puerto Rico) 440 F. Supp. 246

15. Any irregularity discovered by new counsel appearing and promptly amends the Complaint for clarity and files said Motion to expand time to serve before the "drop dead date" in order to perfect process of the summons upon Mark Holmes is only an irregularity which can be cured by an amendment as set out herein and being harmless to Defendant Fannie

4

Mae who has filed an Answer. *1st Circuit - Borschow Hosp. & Medical Supplies, Inc. v. Burdick - Siemens Corp. (1992, DC Puerto Rico) 143 FRD 468*

16. Alternately, if there are technical defects in the summonses not being made separate and served upon Mark Holmes as a Defendant may render the service of process void by the Court, but the Court ordinarily quashes the service of the defective summons and allows Plaintiff to serve the Defendant anew with an appropriate summons to have his day in Court. *Sanderford v. Prudential Ins. Co. (1990 CA 11 Fla) 902 F2d 897*

## CONCLUSION

17. Wherefore, the Plaintiff claims he has a rightful and successful claim. Plaintiff also prays this Court that if the court finds not to accept **present** process of service upon Mark Holmes, then allow Plaintiff to serve anew the Defendant Mark Holmes again in Washington, DC with an amended summons for this Court.

5

Respectfully submitted by
Plaintiff's Attorney,

_____
Thornton E. Lallier, Esq.
Lallier Law Office
159 Main Street, P.O. Box 689
Amesbury, MA 01913
978-388-9500
BBO#283680
E-mail: ted@lallierlaw.com

Dated: November 18, 2004

CERTIFICATE OF SERVICE

I, Thornton E. Lallier, Esq., certify that I have mailed a copy of the foregoing to Neil Jacobs, Esq., and C. Tama Donovan, Esq., Wilmer Cutler Pickering Hale & Dorr, L.P., 60 State Street, Boston, MA 02109 on November 18, 2004.

_____
Thornton E. Lallier, Esq.

**EXHIBIT 1**

either the plaintiff mails to the clerk the complaint and any required entry fee, or the clerk receives the complaint and the fee. The requirement of certified or registered mail is calculated to minimize problems of proof. The phrase "proper court" means the court in which requirements of venue and jurisdiction (personal and subject matter) are met.

## RULE 4. PROCESS

**(a) Summons: Issuance.** Upon commencing the action the plaintiff or his attorney shall deliver a copy of the complaint and a summons for service to the sheriff, deputy sheriff, or special sheriff; any other person duly authorized by law; a person specifically appointed to serve them; or as otherwise provided in subdivision (c) of this rule. Upon request of the plaintiff separate or additional summons shall issue against any defendant. The summons may be procured in blank from the clerk, and shall be filled in by the plaintiff or the plaintiff's attorney in accordance with Rule 4(b).

**(b) Same: Form.** The summons shall bear the signature or facsimile signature of the clerk; be under the seal of the court; be in the name of the Commonwealth of Massachusetts; bear teste of the first justice of the court to which it shall be returnable who is not a party; contain the name of the court and the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend; and shall notify him that in case of his failure to do so judgment by default may be rendered against him for the relief demanded in the complaint.

**(c) By Whom Served.** Except as otherwise permitted by paragraph (h) of this rule, service of all process shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; by some person specially appointed by the court for that purpose; or in the case of service of process outside the Commonwealth, by an individual permitted to make service of process under the law of this Commonwealth or under the law of the place in which the service is to be made, or who is designated by a court of this Commonwealth. A subpoena may be served as provided in Rule 45. Notwithstanding the provisions of this paragraph (c), wherever in these rules service is permitted to be made by certified or registered mail, the mailing may be accomplished by the party or his attorney.

**(d) Summons: Personal Service Within the Commonwealth.** The summons and a copy of the complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

(2) Upon a domestic corporation (public or private), a foreign corporation subject to suit within the Commonwealth, or an unincorporated association subject to suit within the Commonwealth under a common name; by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given. If the person authorized to serve process makes return that after diligent search he can find no person upon whom service can be made, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

(3) Upon the Commonwealth or any agency thereof by delivering a copy of the summons and of the complaint to the Boston office of the Attorney General of the Commonwealth, and, in the case of any agency, to its office or to its chairman or one of its members or its secretary or clerk. Service hereunder may be effected by mailing such copies to the Attorney General and to the agency by certified or registered mail.

(4) Upon a county, city, town or other political subdivision of the Commonwealth subject to suit, by delivering a copy of the summons and of the complaint to the treasurer or the clerk thereof; or by leaving such copies at the office of the treasurer or the clerk thereof with the person then in charge thereof; or by mailing such copies to the treasurer or the clerk thereof by registered or certified mail.

(5) Upon an authority, board, committee, or similar entity, subject to suit under a common name, by delivering a copy of the summons and of the complaint to the chairman or other chief executive officer; or by leaving such copies at the office of the said entity with the person then in charge thereof; or by mailing such copies to such officer by registered or certified mail.

(6) In any action in which the validity of an order of an officer or agency of the Commonwealth is in any way brought into question, the party questioning the validity shall forthwith forward to the Attorney General of the Commonwealth by hand or by registered or certified mail a brief statement indicating the order questioned.

**(e) Same: Personal Service Outside the Commonwealth.** When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

**(f) Return.** The person serving the process shall make proof of service thereof in writing to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person other than a sheriff, deputy sheriff, or special sheriff, he shall make affidavit thereof. Proof of service outside the Commonwealth may be made by affidavit of the individual who made the service or in the manner prescribed by the law of the Commonwealth, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court. Failure to make proof of service does not affect the validity of the service.

**(g) Amendment.** At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued.

**(h) Certain Actions in Probate Courts: Service.** Notwithstanding any other provision of these rules, in actions in the Probate Courts in the nature of petitions for instructions or for the allowance of accounts, service may be made in accordance with G.L. c. 215, § 46, in such manner and form as the court may order.

**(i) Land Court.** In actions brought in the Land Court, service shall be made by the court where so provided by statute.

**(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Amended February 24, 1975, effective July 1, 1974; December 17, 1975, effective January 1, 1976; June 2, 1976, effective July 1, 1976; December 13, 1982, effective January 1, 1982; March 29, 1988, effective July 1, 1988.

### Reporter's Notes—1973

Rule 4 deals with process and service. It extensively changes Federal Rule 4 to meet state conditions and to adopt such existing state law as the "long-arm" statute, G.L. c. 223A, §§ 1–8.

Rule 4(a), unlike Federal Rule 4(a), puts the onus of delivering process to the server upon the plaintiff or his attorney, rather than upon the clerk. It explicitly allows the plaintiff or the attorney to obtain the blank summons form in advance.

Rule 4(c) permits special court appointment of process servers.

Rule 4(d) somewhat changes the Massachusetts rule that in actions of tort or contract, not involving an attachment, the summons need not contain a copy of the declaration. Under Rule 4(d), the summons does not *contain* the complaint, but the two must be served together.

Rule 4(d)(1) allows process to be "left at [defendant's] last and usual place of abode," G.L. c. 223, § 31. The Rule makes clear that service on a statutorily authorized agent may also require the giving of additional notice, and that the plaintiff must consult the statute and fulfill its requirements. If service in any of the modes prescribed by Rule 4(d)(1) is impossible, the plaintiff may obtain an order of notice. See G.L. c. 223, § 34; c. 227, § 7. Divorce proceedings brought in the Superior Court, c. 208, § 6, although governed by these rules, are, in matters of notice and service, controlled by G.L. c. 208, § 8.

Rule 4(d)(1) incorporates prior law covering service upon infants and incompetents. No statute treats the situation precisely, of G.L. c. 206, § 24. At common law, an infant or an incompetent must be served like any other defendant, and service must precede the appointment of a guardian ad litem, Taylor v. Lovering, 171 Mass. 303, 306, 50 N.E. 612, 613 (1898); Reynolds v. Remick, 327 Mass. 465, 469, 470–471, 99 N.E.2d 279, 281–282 (1951).

Rule 4(d)(2) governs service upon a business entity. Basically, it allows the entity to be served via its officers, manager, or service-receiver designated by appointment or statute. A domestic entity may, alternatively, be served by leaving the papers at the principal office with the person in charge of the business. This somewhat widens prior Massachusetts practice. For an example of the kind of statutory notice covered by the proviso clause of Rule 4(d)(2), see G.L. c. 181, § 4. The "order-of-notice" provision follows Rule 4(d)(1).

Rule 4(d)(2), unlike the cognate Federal Rule, does not refer to "partnerships". Because Massachusetts law so clearly treats partners as individuals for purposes of suit, Shapira v. Budish, 275 Mass. 120, 126, 175 N.E. 159, 161 (1931), use of the federal language would work an undesirable change in substantive law.

Rule 4(d)(3), like Federal Rule 4(d)(4), covers service upon the sovereign or one of its agencies. Service is complete upon delivery to the Attorney General's office or upon the mailing of the papers to him by registered or certified mail.

8

Rule 4(d)(4) governs service upon political subdivisions of the Commonwealth subject to suit. It simplifies the procedure set out in G.L. c. 223, § 37, and applies the principles of the rest of Rule 4 to service of political subdivisions. Rule 4(d)(4) requires the plaintiff to bring the fact of suit to the attention of the person who is most likely to sound the litigational alarm; but it does not require him to do more.

Rule 4(d)(5) applies the principles of Rule 4(d) to service of public entities subject to suit under a common name.

Rule 4(d)(6) is designed to ensure that the Attorney General receives prompt notification of any possible court test (however collateral) of an order of an officer or agency of the Commonwealth. The Rule seeks to minimize the inconvenience to the public which results when such test does not come to the Attorney General's attention until late in the litigation. Rule 4(d)(6) is therefore a mandate of convenience. Failure to observe it will not vitiate otherwise valid service; courts should, however, be alert to compel observance of its requirements.

Rule 4(e) controls out-of-state service. It embodies the procedure set out in the long-arm statute (G.L. c. 223A, §§ 6–7), which in turn relied heavily upon Federal Rule 4(i) (a section omitted, therefore, from these rules). Rule 4(e) is largely self-explanatory and is flexible enough, when read with Rule 4(d)(1) and (2) and G.L. c. 223, § 37; c. 223A, §§ 1–3, to cover most order-of-notice situations. See also c. 227, § 7.

Rule 4(f) requires direct filing by the server. It should be emphasized that any delay by the process server does not bar the plaintiff. See Peeples v. Ramspacher, 29 F.Supp. 632, 633 (E.D.S.C.1939).

Rule 4(g) tracks Federal Rule 4(h) verbatim. It follows the spirit of the Federal Rules, refusing to allow "technicalities" to obstruct justice. See Rule 15 (covering amendments to pleadings) and Rule 60 (covering relief from judgments). It will work no substantial change in Massachusetts practice. See G.L. c. 231, § 51.

### Reporter's Notes—1975

Rule 4(c) has been amended to make clear that process in the types of actions covered by Rule 4(h) need not be served by any of the individuals enumerated in Rule 4(c).

Rule 4(h) has been inserted to correct a serious inconvenience resulting from the apparent applicability to such Probate Court matters as petitions for instructions and accounts of Rule 4's general service requirements. If Rule 4, as originally promulgated, applied to this type of case, the cost of service might frequently assume excessive proportions. A petition for instructions involving a trust with numerous beneficiaries could require substantial service charges; an account in a common trust fund with over a thousand participants would impose massive expenses.

Prior to July 1, 1974, it was unquestioned that notice of the pendency of a petition for instructions, or the presentation for allowance of an account could be—and invariably was—effected by citation, served in hand or by publication. Moreover, a statute, G.L. c. 215, § 46, authorized the court to direct service to be made by registered mail, thus permitting appreciable saving in service costs. (Another statute, G.L. c. 4, § 7, equating certified mail with registered mail for this purpose, permitted an even less expensive procedure.)

As the amendatory legislation accompanying the Rules, Acts, 1974, c. 1114, repealed neither G.L. c. 215, § 46, nor G.L. c. 4, § 7, many probate courts continued to issue citations in the old form even after July 1, 1974. Others required service in accordance with Rule 4.

To eliminate the confusion, and to maximize flexibility in the particular class of actions affected, Rule 4(h) now explicitly approves both methods of procedure: In any Probate Court action seeking instructions or the allowance of an account, service may—but need not—be made by citation. In those rare cases whose strategy dictates service by an officer, the usual Rule 4 procedure is available.

Although the change in Rule 4(c) and the language of Rule 4(h) are both declaratory of existing practice as to accounts, the Supreme Judicial Court, in the order of February 24, 1975 promulgating the amendments, specifically made the new material retroactive to July 1, 1974. Thus service between July 1, 1974 and February 24, 1975 was valid, so long as it was made either: (1) In accordance with a citation; or (2) In accordance with Rule 4.

### Reporter's Notes—1996

With the merger of the District/Municipal Courts Rules of Civil Procedure into the Massachusetts Rules of Civil Procedure in 1996, two differences that had existed between the two sets of rules have been eliminated. Prior to the merger, the District Court version of Rule 4(f) required proof of service to be made to the court and to the party; in addition, the District Court version included constables among those who are not required to make an affidavit of service. The merged set of rules adopts the version of Rule 4(f) contained in the Massachusetts Rules of Civil Procedure. Under the merged set of rules, proof of service in the District Court is required to be made only to the court and constables are required to make affidavit of service.

It should be noted that there may be additional requirements in connection with service of process imposed by statute. See, for example, G.L. c. 223, § 31, which provides that where service is made at the defendant's last and usual place of abode in District Court actions, "the officer making service shall forthwith mail first class a copy of the summons to such last and usual place of abode. The date of mailing and the address to which the summons was sent shall be set forth ... in the officer's return."

## RULE 4.1   ATTACHMENT

**(a) Availability of Attachment.** Subsequent to the commencement of any action under these rules, real estate, goods and chattels and other property may, in the manner and to the extent provided by law, but subject to the requirements of this rule, be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover.

**(b) Writ of Attachment: Form.** The writ of attachment shall bear the signature or facsimile signature of the clerk, be under the seal of the court, be in the name of the Commonwealth, contain the name of the court, the names and residences (if known) of the parties and the date of the complaint, bear teste of the first justice of the court to which it is returnable who is not a party; state the name and address of the plaintiff's attorney (if any), be directed to the sheriffs of the several counties or their deputies, or any other person duly authorized by law, and command them to attach the real estate or personal property of the