UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMAD SHREATEH,<br><br>                    Plaintiff,<br><br>            v.<br><br>FANNIE MAE and<br>MARK HOLMES,<br><br>                    Defendants. | Civil Action No. 04-11713-NMG |

**DEFENDANT MARK HOLMES' OPPOSITION BY SPECIAL APPEARANCE TO PLAINTIFF'S MOTION TO AMEND SUMMONS TO MARK HOLMES**

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND[1]**

Subject to his special appearance in this case, Mark Holmes ("Mr. Holmes") hereby opposes Plaintiff Ahmad Shreateh's ("Plaintiff") Motion to Amend Summons to Mark Holmes (the "Motion").[2] Mr. Holmes has not been individually served with a summons and complaint in this matter. The Plaintiff previously requested, on October 25, 2004, through an affidavit filed by his counsel, that the Court permit late service upon Mr. Holmes. Mr. Holmes objected to this request by special appearance on the grounds that Plaintiff did not show good cause for his failure to complete service of process upon Mr. Holmes in a timely manner.[3] By his current Motion, Plaintiff seeks to overcome this failure by arguing (1) that service upon Mr. Holmes' employer, Fannie Mae, constitutes service upon Mr. Holmes as an individual defendant and (2)

---

[1] A more detailed procedural background is contained in Defendant Mark Holmes' Opposition By Special Appearance To Plaintiff's Request For An Extension Of Time In Which To Complete Service.
[2] Mr. Holmes' special appearance was entered in order to oppose Plaintiff's request for an extension of time in which to complete service. Because the pending Motion also relates to Plaintiff's failure to timely serve Mr. Holmes with process in this action, he files this Opposition subject to the same Special Appearance. By filing this opposition subject to his special appearance, Mr. Holmes does not consent to service of process or jurisdiction in this Court, and does not waive any defense, including the defense of lack of personal jurisdiction.
[3] Mr. Holmes' opposition to Plaintiff's request also noted that, in the alternative, Plaintiff's request to serve Mr. Holmes late should be denied in the interests of conservation of judicial resources, because this Court is without personal jurisdiction over Mr. Holmes.

US1DOCS 4825270v1

that his failure to complete service of process upon Mr. Holmes was merely a technicality. For the reasons set forth below, these arguments are without merit.[4]

## II. ARGUMENT

### A. Plaintiff Has Not Demonstrated Proper Service Pursuant To Either Mass. R. Civ. P. 4 Or Fed. R. Civ. P. 4.

The burden of establishing valid service is on the Plaintiff. See, e.g., Brandi v. National Bulk Carriers, Inc., 14 Mass. App. Ct. 916, 917 (1982). Apparently conceding that service was not made upon Mr. Holmes pursuant to Fed. R. Civ. P. 4 or Local Rule 4.1(A), the Plaintiff now argues that Mr. Holmes received proper service under Mass. R. Civ. P. 4 at the time that Fannie Mae was served (prior to Fannie Mae's removal of the case to this Court), by virtue of the fact that his name was on the Summons which was served on Fannie Mae. However, it is well established under Massachusetts law that the service requirements of Mass. R. Civ. P. 4 are not satisfied by service upon an individual defendant's employer. See Foley v. Walsh, 33 Mass. App. Ct. 937, 937-938, n. 1 (1992) (service upon employer insufficient as to individual defendant where place of business was not place of abode, and employer was not authorized to receive service); Wasser v. PricewaterhouseCoopers, LLLP., 60 Mass. App. Ct. 1115, 2004 WL 22534, *2 (2004) (service at employer's place of business not sufficient to constitute service upon an individual defendant absent evidence of authorization for the employer to accept service on the individual's behalf) (attached hereto as Exhibit ("Ex.") A); Bishop v. Trace Investigation Serv., Inc., No. 942990, 1999 WL 1319002, *2 (Mass. Super. March 18, 1999) (attached hereto as Ex. B); New England Die Cutting, Inc. v. O'Neil, No. 9388, 1997 WL 51398, *2 (Mass. App. Div. Jan. 27, 1997) (service upon an individual defendant is not accomplished by "leaving process at

---

[4] Plaintiff also makes a cursory reference to Fed. R. Civ. P. 19 in the Motion, although he makes no arguments under Rule 19 in his memorandum in support of the Motion. Because Plaintiff provides no legal or factual support that Rule 19 should or could be applied to excuse Plaintiff's own failure to serve Mr. Holmes, the Court should give no credence to such an argument.

2

the individual's place of business or employment unless the person to whom the process is delivered was authorized to receive service on his behalf") (attached hereto as Ex. C).  Here, Plaintiff has not alleged or provided any evidence showing that Fannie Mae was in any way Mr. Holmes' authorized agent for service of process.  Nor does the case cited by Plaintiff support his contention that service on Fannie Mae constituted proper service upon Mr. Holmes.  Plaintiff citation to Kroetz v. AFT-Davidson Co., 102 F.R.D. 934 (E.D.N.Y, 1984) is clearly distinguishable because, while a corporation may be served through its officers, as in Kroetz, an individual defendant cannot, absent express authorization, be served through his employer.  Plaintiff's suggestion that Mr. Holmes has somehow waived his right to receive service of process in the form of a summons before being subject to the Court's authority by virtue of his mere knowledge of the action is without merit.  Further, in Murphy Bros., Inc., v. Michetti Pipe Stinging, Inc., 526 U.S. 344, 351 (1999), the Supreme Court made clear that "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  As such, service upon Fannie Mae was not effective as to Mr. Holmes.

        B.       <u>Plaintiff's Failure To Properly Serve Mr. Holmes Was Not A Mere Technicality.</u>

Plaintiff attempts to characterize his failure to complete proper service upon Mr. Holmes as a technicality.  However, Plaintiff did not serve Mr. Holmes with a summons in which his name was misspelled or otherwise incorrect, as was the case in United States v. A.H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947).  Nor was Mr. Holmes served with an otherwise valid summons that omitted the defendants' names and instead referenced only the complaint, as was the case in Newman v. Prior, 518 F.2d 97, 99 (4th Cir. 1975).  See also Vega Matta v. Alvarez de Choudens, 440 F. Supp. 246, 248 (D. Puerto Rico 1977) (discussing technical defect in summons which was served on each defendant).  The cases cited by Plaintiff in support of his argument

3

that his failure to serve Mr. Holmes was a mere technicality are clearly distinguishable because in those cases, each of the defendants were served with a summons and copy of the complaint. Here, Plaintiff's failure to serve Mr. Holmes at all was not a technicality, but rather a fundamental failure to take the necessary steps to make Mr. Holmes a party in this case.

In sum, Plaintiff has not shown that service upon Fannie Mae constituted service upon Mr. Holmes, or that Mr. Holmes otherwise received valid service of process.[5] Therefore, the Complaint must be dismissed as to Mr. Holmes due to insufficient process.

### III.    CONCLUSION

For the reasons set forth above, and for all of the reasons set forth in Mr. Holmes' Opposition By Special Appearance To Plaintiff's Request For An Extension To Time In Which To Complete Service, Plaintiff has failed to complete timely service upon Mr. Holmes, and Mr. Holmes must be dismissed from this action.

>                    MARK HOLMES
>
>                    By his attorneys,
>
>
>                    /s/ C. Tama Donovan
>                    Neil Jacobs, Esq. (BBO #249300)
>                    C. Tama Donovan, Esq. (BBO #641292)
>                    Wilmer Cutler Pickering Hale and Dorr LLP
>                    60 State Street
>                    Boston, MA 02109
>                    (617) 526-6000

Dated this 1st day of December 2004.

---

[5] In concluding his memorandum in support of the Motion, Plaintiff alternatively asks the Court to allow service of a new summons on Mr. Holmes as timely. As addressed in depth in Mr. Holmes' earlier opposition to Plaintiff's request to serve Mr. Holmes late, Plaintiff has not demonstrated good cause for his failure to complete service in a timely manner, and should not be afforded this type of relief.