# EXHIBIT A

Case 1:04-cv-11713-NMG    Document 19-2    Filed 12/01/2004    Page 1 of 10

**Westlaw.**

803 N.E.2d 359 (Table)  Page 1
60 Mass.App.Ct. 1115, 803 N.E.2d 359 (Table), 2004 WL 225534 (Mass.App.Ct.)
**Unpublished Disposition**
**(Cite as: 60 Mass.App.Ct. 1115, 803 N.E.2d 359, 2004 WL 225534 (Mass.App.Ct.))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

Brian WASSER,
v.
PRICEWATERHOUSECOOPERS, LLP & others.
[FN1]

FN1. PricewaterhouseCoopers Investigations, LLC; PricewaterhouseCoopers Investment Advisers, LLC; William Gagnon; Michael Costello; Joseph X, Donovan; Kara Moss; and Cathy A. Lauten.

No. 02-P-1002.

Feb. 5, 2004.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

***1 The plaintiff, Brian Wasser, an attorney, brought suit against eight defendants including his former employer, PricewaterhouseCoopers, LLP (PWC); two PWC-related entities, PricewaterhouseCoopers Investigations, LLC (PWCI), and PricewaterhouseCoopers Investment Advisers, LLC (PWCIA); three PWC partners (William Gagnon, Michael Costello, and Joseph X. Donovan); and two PWC staff employees, Kara Moss and Cathy A. Lauten. In his amended complaint, Wasser alleged breach of his employment contract (count I); intentional misrepresentations (count II); wrongful termination (count III); intentional or negligent infliction of emotional distress (count IV); civil conspiracy (count V); and defamation (count VI). After a hearing, a judge of the Superior Court dismissed the claims against PWC pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974) (failure to state a claim), and the claims against the other defendants pursuant to Mass.R.Civ.P. 12(b)(5), 365 Mass. 754 (1974) (insufficiency of service of process). (R.A. 3). On appeal, Wasser maintains that the judge erred in dismissing his amended complaint and in refusing to allow him to amend his complaint again. We affirm substantially for the reasons set forth in the defendants' brief at pages nine through twenty-one and twenty-four through twenty-nine.

1. *Failure to state a claim.* We agree with the motion judge, who concluded that Wasser "has pleaded almost exclusively conclusions of law or, at best, factual conclusions. No hard facts are pleaded which set forth a claim for relief." (R.A. 3). Contrary to Wasser's assertions, the amended complaint does not set forth factual allegations that support even the bare silhouette of a claim that Wasser, an at-will employee, was terminated wrongfully. (Plaintiff's Br. at 13). See *Mitchell v. TAC Technical Servs., Inc.*, 50 Mass.App.Ct. 90, 93, 734 N.E.2d 1198 (2000) (public policy exception to general rule permitting termination of at-will employee with or without cause is quite narrow). Even construed liberally, the amended complaint does not allege facts that would support the conclusion that a public policy was violated by his discharge. See *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477-478, 735 N.E.2d 373 (2000) (plaintiff may not rest on subjective characterization or conclusory description of scenario); *Berish v. Bornstein*, 437 Mass. 252, 269, 770 N.E.2d 961 (2002) (complaint must afford defendant fair notice of basis and nature of action); *Whitehall Co. v. Merrimack Valley Distrib. Co.*, 56 Mass.App.Ct. 853, 856-857, 780 N.E.2d 479 (2002) (not enough that viable claim lurks in conclusory descriptions dominated by unpleaded facts).

The motion judge appropriately measured the sufficiency of the complaint by reference to its plain assertions. See *Mmoe v. Commonwealth*, 393 Mass. 617, 620, 473 N.E.2d 169 (1985). The palpable deficiency of the complaint was not cured by statements in Wasser's opposition to the defendants' motion to dismiss. See *ibid.* Moreover, when the judge inquired of Wasser's counsel as to the specific facts he would plead if given the opportunity to amend his complaint, counsel could provide none and indicated that discovery would be necessary. See *E.A. Miller, Inc. v. South Shore Bank*, 405 Mass. 95, 102, 539 N.E.2d 519 (1989) (minimal factual basis for allegations required before seeking discovery). In such a posture, even had Wasser moved to amend the complaint again, which he did not, it would not have been an abuse of discretion for the judge to deny the motion. See *Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard College,*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

803 N.E.2d 359 (Table) Page 2
60 Mass.App.Ct. 1115, 803 N.E.2d 359 (Table), 2004 WL 225534 (Mass.App.Ct.)
**Unpublished Disposition**
**(Cite as: 60 Mass.App.Ct. 1115, 803 N.E.2d 359, 2004 WL 225534 (Mass.App.Ct.))**

413 Mass. 66, 72, 595 N.E.2d 316 (1992) (upholding refusal to allow amendment based on plaintiffs' failure to disclose substantive content of desired amendment).

***2 We decline to consider factual allegations raised for the first time on appeal. As an appellate court reviewing the allowance of a rule 12(b)(6) motion, we accept well-pleaded facts as true. See *Blank v. Chelmsford Ob/Gyn, P.C.,* 420 Mass. 404, 407, 649 N.E.2d 1102 (1995). We neither conjure up unpled claims nor accept new factual allegations necessary to a cause of action that were not made before the trial court. See *Wynn & Wynn, P.C. v. Massachusetts Commn. Against Discrimination,* 431 Mass. 655, 674, 729 N.E.2d 1068 (2000); 5A Wright & Miller, Federal Practice & Procedure § 1357, at 374 (1990 & Supp.2002).

2. *Insufficiency of service of process.* In support of their motion to dismiss on grounds of insufficiency of service of process, the defendants (other than PWC, which conceded that it has been served properly) submitted an affidavit from Kathryn Aronsohn, an executive assistant to the managing partner of PWC's Boston office, attesting that she was authorized to accept service on behalf of PWC, but not on behalf of Gagnon, Costello, Donovan, Moss, or Lauten. (R.A. 39- 40). Aronsohn also averred that she was not a resident agent authorized to receive process on behalf of PWCI or PWCIA. (R.A. 40). The judge dismissed the complaint as to these defendants for insufficiency of service of process. On appeal, Wasser continues to maintain that service of process was, in all respects, adequate as to all defendants. We disagree.

In responding to the defendants' motion to dismiss under rule 12(b)(5), the burden of establishing facts demonstrating valid service is on the plaintiff. See *Brandi v. National Bulk Carriers, Inc.,* 14 Mass.App.Ct. 916, 917, 436 N.E.2d 444 (1982). Wasser submitted no countervailing affidavit in opposition to the defendants' motion to dismiss. Thus, Aronsohn's uncontroverted assertions as to her lack of authority must be accepted as true for purposes of the rule 12(b)(5) motion. See *Farley v. Sprague,* 374 Mass. 419, 423-424, 372 N.E.2d 1298 (1978). Service at the employer's place of business--the method used here--is not sufficient to effect service upon individual employee defendants (Moss and Lauten) unless the employer was authorized to accept service on their behalf. See *Foley v. Walsh,* 33 Mass.App.Ct. 937, 937 n. 1, 600 N.E.2d 611 (1992). Similarly, absent a grant of authority, service on an individual partner (Gagnon, Donovan, or Costello) must be made on that individual. See G.L. c. 108A, § 12. Finally, service on PWCI and PWCIA, foreign limited liability companies, must be made on their resident agents, see G.L. c. 156C, § 5(2), or on the Secretary of State if the company failed to register or its agent cannot be located. See G.L. c. 156C, § 54(*b*).

*Judgment affirmed.*

60 Mass.App.Ct. 1115, 803 N.E.2d 359 (Table), 2004 WL 225534 (Mass.App.Ct.) Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

1999 WL 1319002  Page 1
1999 WL 1319002 (Mass.Super.)
(Cite as: 1999 WL 1319002 (Mass.Super.))

Only the Westlaw citation is currently available.

Superior Court of Massachusetts.

Peter BISHOP,
v.
TRACE INVESTIGATION SERVICES, INC., et al.

No. 942990.

March 18, 1999.

MEMORANDUM OF DECISION AND ORDER ON DEFENDANT, MARK ANDERSON'S MOTION TO DISMISS

BRASSARD.

*1 Plaintiff, Peter Bishop ("Bishop") brings this action against defendants, Trace Investigation Services, Inc. ("Trace"), Mark Anderson ("Anderson"), and others alleging invasion of privacy, unfair and deceptive business practices, attempting to intimidate witnesses, civil conspiracy, and infliction of emotional distress. Moreover, specifically as to defendant Anderson, Bishop further alleges malicious prosecution and perjury. Anderson moves to dismiss plaintiff's complaint against him for insufficiency of service of process. Mass.R.Civ.P. 12(b)(5). For the following reasons, defendant's motion to dismiss is ALLOWED.

BACKGROUND

The original complaint against defendant was filed with the court on May 23, 1994. On October 6, 1994, Joel Picci, the President of Trace Investigation Services, Inc. accepted service of the complaint on behalf of Trace and Anderson. Anderson was not personally served with notice of this complaint until October 17, 1998, approximately four and one half years after the original complaint was filed. The other defendants were served in a timely manner. The parties who were served in a timely manner have engaged in extensive discovery which included the deposition of the plaintiff and other witnesses. Anderson was not privy to this discovery, nor has he had the opportunity to engage in discovery necessary to explore the claims that plaintiff has asserted against him.

DISCUSSION

Pursuant to Mass.R.Civ.P. 4(j), "[I]f a service of the summons and complaint is not made upon the defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period the action shall be dismissed as to that defendant without prejudice ..." The burden is on the plaintiff to demonstrate good cause. *Shuman v. The Stanley Works*, 30 Mass.App.Ct. 951, 953, 571 N.E.2d 633 citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985). Good cause requires a diligent effort by the plaintiff to complete service within the period prescribed by the rule. *Shuman, supra* at 953, 571 N.E.2d 633. Half-hearted efforts and inadvertence of counsel do not meet that standard. *Glasser v. Degenhart*, 1995 Mass.App.Div. 42, 43. Whether good cause has been demonstrated is left to the discretion of the trial judge. *Stevens v. Bradlees, Inc.*, 1995 Mass.App.Div. 9, 10. However, dismissal after 90 days is "mandatory rather than discretionary in the absence of good cause or a request for an extension of time." *Glasser, supra*.

Anderson was not personally served with notice of this complaint until October 17, 1998, approximately four and one half years after the filing of the complaint. Having failed to provide good cause for this late service, plaintiff's service upon Anderson does not comport with the requirements of Mass.R.Civ.P. Rule 40).

*2 Plaintiff contends that Anderson was provided with notice of the complaint when service was made on his employer. However, Mass.R.Civ.P. 4(d) specifically states that the summons and a copy of the complaint shall be served upon the individual defendant personally, or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process. Accordingly, service upon the defendant's employer [FN1] was insufficient.

FN1. At the time when service was made, Anderson was no longer an employee of

1999 WL 1319002                                                                                                           Page 2
1999 WL 1319002 (Mass.Super.)
**(Cite as: 1999 WL 1319002 (Mass.Super.))**

Trace.

### ORDER

For the foregoing reasons, it is hereby ORDERED that defendant's motion to dismiss be ALLOWED and plaintiff's complaint be DISMISSED without prejudice.

1999 WL 1319002 (Mass.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT C**

Westlaw.

1997 WL 51398                                                                                                    Page 1
1997 Mass.App.Div. 6, 1997 WL 51398 (Mass.App.Div.)
(Cite as: 1997 WL 51398 (Mass.App.Div.))

Massachusetts Appellate Division, District Court Department, Division.

NEW ENGLAND DIE CUTTING, INC.
v.
Charles F. O'NEIL, d/b/a O'Neil Paper & Supply Co.

No. 9388.

Jan. 27, 1997.

West Headnotes
Judgment ⚖17(10)
228k17(10) Most Cited Cases
Individual defendant was entitled to have default judgment entered against him vacated where sheriff's return of servece was insufficient on its face to establish that plaintiff made service in the manner prescribed by Mass.R.Civ.P. 4(d) (1).
Megan J. Taylor, Law Office of Peter Shaheen, N. Andover, MA for Plaintiff.

Timothy A. Maciejowski, South Hamilton, MA for Defendant.

OPINION

COVEN, Justice.

*1 This is an action to recover for the defendant's alleged negligence in his repair of the plaintiff's machinery. A default judgment was entered, and the defendant has appealed the denial of his motion for relief from such judgment.

In November, 1992, defendant Charles F. O'Neil submitted a proposal for work to be done on the plaintiff's machinery. The proposal listed the defendant's address at P.O. Box 270. Essex, Massachusetts. The defendant performed the machinery work in what the plaintiff contends was a negligent manner, and this action ensued.

Suit was commenced on July 23, 1993. As the defendant had not filed a business certificate with the Town of Essex listing his residence and the location of his business, see G.L. c. 110, § 5, the plaintiff filed an inquiry with the United States Postal Service and ascertained that the holder of Box 270 was "O'Neil Paper" located at 65 Eastern Avenue, Essex, Massachusetts. On September 17, 1993, the Essex County Deputy Sheriff made service of the complaint and summons by "giving [them] in hand to Tom O'Neil, sales agent in charge at time of service for Charles F. O'Neil, d/b/a O'Neil Paper and Supply Co." at the 65 Eastern Avenue address.

No answer to the complaint was filed, and a default judgment in the amount of § 7,255.26 plus interest and costs was entered on February 1, 1994. Execution issued on March 1, 1994. A supplementary process complaint was served upon the defendant at his residence on December 15, 1994. The defendant did not appear at the February 21, 1995 supplementary process hearing, and a capias issued for his arrest on May 25, 1995.

After service of the capias, the defendant filed a motion to vacate the default judgment on August 1, 1995. In a supporting affidavit, the defendant stated that 65 Eastern Avenue, Essex, Massachusetts had not been his address since May, 1993; that he had never received notice of a default judgment and that the plaintiff owed him a balance of $2,600.00 for the machinery repair work he had performed. At the motion hearing, defendant's counsel argued that his client had not been served with process and had no notice of the lawsuit until the capias was served. Counsel further argued that Tom O'Neil, the defendant's father, was not an agent or employee of the defendant's business. On August 4, 1995, the court denied the motion to vacate the default judgment.

On August 24, 1995, the defendant filed a motion for reconsideration of the denial of his motion to vacate judgment. In an attached affidavit, the defendant stated that he was never served with a summons and complaint notifying him that the plaintiff had commenced this action, and that he had never received notice of a default judgment. Also attached to the motion for reconsideration was an affidavit by Thomas O'Neil, the defendant's father, which recited that he had never been sales agent for Charles F. O'Neil, d/b/a O'Neil Paper and Supply Co. The defendant's motion for reconsideration was denied on September 11, 1995.

*2 1. A judgment entered by a court which lacks personal jurisdiction over the defendant because of a

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1997 WL 51398                                                                                    Page 2
1997 Mass.App.Div. 6, 1997 WL 51398 (Mass.App.Div.)
**(Cite as: 1997 WL 51398 (Mass.App.Div.))**

lack of service of process is void from its inception, _Bowers v. Board of Appeals of Marshfield_, 16 Mass.App.Ct. 29, 32 (1983); _Metivier v. McDonald's Corp._, 16 Mass.App.Ct. 916, 918 (1983), and the defendant is entitled to relief from such void judgment pursuant to Mass.R.Civ.P. 60(b)(4). _Farley v. Sprague_, 374 Mass. 419, 425 (1978); _Konan v. Carroll_, 37 Mass.App.Ct. 225, 228-229 (1994): _Stamas v. Lavelle_, 1993 Mass.App.Div. 101, 103. No discretion is afforded to the court by Rule 60(b)(4) to deny a motion for relief from a default judgment which is in fact void for lack of proper service. _Field v. Massachusetts Gen. Hosp._, 393 Mass. 117, 118 (1984); _O'Dea v. J.A.L., Inc._, 30 Mass.App.Ct. 449, 456 n. 13 (1991).

2. As the defendant in the instant case is an individual, the plaintiff was obligated to make service in the manner prescribed by Mass.R.Civ.P. 4(d)(1)

> "by delivering a copy of the summons and complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and complaint to an agent authorized by appointment or by statute to receive service of process...."

It is undisputed that the summons and complaint were neither delivered to the defendant personally, nor left at his last and customary place of residence. The record is equally devoid of anything to establish that service was made upon an agent of the defendant "authorized by appointment or by statute to receive service of process" in compliance with Rule 4(d)(1). See _Donahue v. Sam Cash Enterp., Inc._, 1990 Mass.App.Div. 101, 102.

A sheriff's return of service, which is generally conclusive as to all matters properly the subject of of a return by him, _Johnson v. Witkowski_, 30 Mass.App.Ct. 697, 714 (1991), rev. den. 411 Mass. 1004; _Smith v. Arnold_, 4 Mass.App.Ct. 614, 616 (1976), may constitute sufficient evidence of adequate service. The sheriff's return in this case, however, stated only that service was made "upon the sales agent in charge" of the defendant's business. There is thus nothing in the sheriff's return which recites or suggests that the purported "sales agent in charge" was an agent authorized by appointment or statute to receive service on behalf of the individual defendant.

It should be noted that such delivery of a summons and complaint to an officer, managing or general agent. or person in charge of a principal business office is sufficient service only upon a corporation, unincorporated association or other business entity pursuant to Rule 4(d)(2), which also provides in the alternative for delivery of process to "any other agent authorized by appointment or by law to receive service of process." The requirements of Rule 4(d)(1) for service upon an individual defendant, however, are not satisfied by leaving process at the individual's place of business or employment unless the person to whom such process is delivered was authorized by the defendant to receive service on his behalf. See _Foley v. Walsh_, 33 Mass.App.Ct. 937, 937-938 & n. 1 (1992).

*3 3. In short, as the sheriff's return of service in this case was insufficient on its face and as the plaintiff had advanced no other evidence demonstrating that the defendant was properly served, the defendant's motion to vacate the default judgment should have been allowed.

Accordingly, the trial court's denial of the defendant's Rule 60 motion is hereby reversed, and the default judgment is vacated. [FN1]

So ordered.

COVEN, J., GRECO and CURTIN, JJ., concur.

> FN1. With respect to any potential Mass.R.Civ.P. 4(j) motion to dismiss for tile plaintiff's failure to complete service within the prescribed 90 days, we note that die record contains more than enough evidence of "good cause" to excuse such failure. See generally, _Hull v. Attleboro Sav. Bk._, 33 Mass.App.Ct. 18, 26 (1992). The paradigm of "good cause" under Rule 40) is a defendant's evasion of service. _Shuman v. The Stanley Works_, 30 Mass. 951, 952 (1991). The defendant's failure herein to file a business certificate disclosing his residence, his use of a post office box listing only a business address and other conduct readily suggest an effort to frustrate service. Moreover, the plaintiff made "diligent", good faith efforts to locate the defendant and attempted service, albeit unsuccessfully, within only 56 days of complaint filing. _Id._

1997 Mass.App.Div. 6, 1997 WL 51398 (Mass.App.Div.)

END OF DOCUMENT

**Westlaw Download Summary Report for TAURAZAS,JENNIFE 3551140**

| | |
|---|---|
| Date/Time of Request: | Wednesday, December 01, 2004 13:55:00 Central |
| Client Identifier: | 0290415-00120 |
| Database: | CTA |
| Citation Text: | 518 F.2d 97. |
| Lines: | 283 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works." Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.