UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AHMAD SHREATEH,

           Plaintiff,

    v.                                            Civ. A. No. 04 11713-NMG

FANNIE MAE and
MARK HOLMES [1],

           Defendants.

## DEFENDANT FANNIE MAE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant Fannie Mae hereby opposes Plaintiff's Motion to Amend his Complaint on the grounds that allowance of the proposed amendments would not be in the interests of justice as they are necessitated solely by Plaintiff's own lack of diligence. Alternatively, Plaintiff's request to amend should be denied on the grounds of futility and in the interests of conservation of judicial resources, because the claims Plaintiff seeks to add are not actionable.

I.    **PROCEDURAL BACKGROUND**

On July 1, 2004, after having waited nearly three years following the termination of his assignment at Fannie Mae, Plaintiff filed a *pro se* complaint in Massachusetts Superior Court, Essex County, against Fannie Mae and an individual defendant, Mark Holmes (the "Original Complaint"). On July 8, 2004, Fannie Mae received a copy of the

---

[1] Although Plaintiff has filed a motion for voluntarily dismissal of his claims against Mr. Holmes, because the Court has not yet entered an order dismissing Mr. Holmes from the case, Fannie Mae has not omitted his name from the caption.

- 1 -

US1DOCS 4919566v2

- 2 -

Original Complaint and Summons, and subsequently removed the case to Massachusetts District Court on the grounds of diversity jurisdiction. On October 25, 2004, Plaintiff filed a Motion to Amend his Original Complaint, which was granted as to Fannie Mae at a scheduling conference held before the Court on December 2, 2004, and considered filed as of that date (the "Amended Complaint"). Also during the December 2, 2004 scheduling conference, the Court ordered, *inter alia*, that "amendments and/or supplements to the pleadings may be filed by 12/31/04". See December 2, 2004 Scheduling Order.

With respect to the individual defendant, after Mr. Holmes filed two briefs by special appearance regarding Plaintiff's failure to establish sufficient service as well as his inability to show that this Court would have personal jurisdiction over Mr. Holmes, the Plaintiff voluntarily dismissed his claims against Mr. Holmes on December 13, 2004.

On December 22, 2004, Fannie Mae filed a motion to dismiss all counts of Plaintiff's Amended Complaint on the grounds of failure to state a claim. In response to Fannie Mae's motion, Plaintiff has filed an opposition to Fannie Mae's motion to dismiss, conceding that he cannot state a claim under 42 U.S.C. § 1983, as well as a motion to amend his complaint a second time, with a memorandum in support thereof, which is the subject of this Opposition.

II.     **SUMMARY OF ALLEGATIONS**

In or about May 2001, Plaintiff was hired by a company called Computer Merchants, to perform computer consulting work for one of Computer Merchant's clients, Compaq Computer. Amended Complaint ¶ 5. Pursuant to an agreement between Compaq and Fannie Mae, Plaintiff was sent to Fannie Mae to perform certain computer consulting work. Amended Complaint ¶¶ 6, 7. Plaintiff was at all times an *independent*

- 2 -

*contractor*, and at all times received his compensation from Computer Merchants. Amended Complaint ¶ 8.

Plaintiff alleges that during his assignment at Fannie Mae, Mark Holmes, a Fannie Mae employee who supervised the group Plaintiff was performing consulting services for, engaged in various inappropriate conduct toward Plaintiff, culminating in the termination of Plaintiff's assignment at Fannie Mae. Amended Complaint ¶¶ 14, 16-40. Specifically, Plaintiff alleges that Mr. Holmes made inappropriate sexual overtures toward him, and made several derogatory remarks about Plaintiff's national origin. Amended Complaint ¶¶ 16-40. Plaintiff alleges that as a result of Mr. Holmes' actions, his assignment with Fannie Mae ended in October 2001, although he does not allege that his employment with Computer Merchants ended at that time. Amended Complaint ¶ 38. Plaintiff further alleges that Mr. Holmes improperly stopped him from obtaining other consulting work at Fannie Mae. Amended Complaint ¶¶ 41-44.

III.  **ARGUMENT**

A.  The Court Should Not Exercise Its Discretion To Grant Plaintiff's Motion Because of Plaintiff's Delays and Lack of Diligence.

This case has been characterized from its inception by requests that the Court accommodate Plaintiff and his attorney's miscalculations and oversights with respect to Plaintiff's claims. See Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 7 (1st Cir. 2004). Plaintiff's counsel's antics with respect to service and personal jurisdiction over Mark Holmes necessitated the drafting and filing of two legal briefs on behalf of Mr. Holmes, at considerable expense. Further, Plaintiff's counsel's failure to research the elements of a claim under 42 U.S.C. §1981 and §1983 required the filing of yet another legal brief by Fannie Mae, this time, a motion to dismiss. In response, Plaintiff's counsel pleads *mea*

- 3 -

*culpa* yet again, conceding that Plaintiff could not state a §1983 claim. Plaintiff now requests leave to amend his complaint a second time, despite the fact that Plaintiff's counsel was in attendance at, and participated in, the December 2, 2004 Scheduling Conference at which the Court set a December 31, 2004 deadline for amendments (a deadline which he missed and does not even address in his Motion). See Ruiz-Rivera v. Internal Revenue Service, No. 03-1083, 2004 WL 626736 (1st Cir. 2004) (denying motion to amend, noting that plaintiff was represented by counsel at the scheduling order during which the deadline for amendments was set, and was represented by the same counsel at the time the deadline passed, and that the counsel never requested an extension of time in which to file an amended complaint) (attached hereto as Exhibit ("Ex.") A).

Characterizing his failure to include the additional claims in his First Amended Complaint as "inadvertent", Plaintiff's counsel once again asks for the Court's indulgence. Plaintiff provides no basis at all for his request to add four additional common law claims, other than his own inadvertence. Plaintiff's request to amend his 42 U.S.C. §1981 claim is no more justified, as he alleges that it is the result of infirmities in his claim which he discovered "in the course of researching and drafting his opposition to the Defendant's Motion to Dismiss Count One of the present First Amended Complaint." Plaintiff has had ample opportunity to make his claims - it cannot be that every time Fannie Mae points to a deficiency in Plaintiff's claims, he may compensate for such deficiencies by substituting alternative claims. See Bond Opportunity Fund II, LLC v. Heffernan, 340 F. Supp. 2d 146, 151 (listing reasons for denying a motion to amend as including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of the amendment, etc.") (internal quotations and citations omitted).

Moreover, because the Court has entered a scheduling order providing the deadline for amendments, the deadline only can be modified "upon a showing of good cause by affidavits, other evidentiary materials, or references to pertinent parts of the record." Fed. R. Civ. P. 16(G); Local Rule 16.1 (b); Scheduling Order dated December 2, 2004.[2] Here, Plaintiff's asserted reasons for not having sought earlier to modify his claims – inadvertence and lack of research – certainly do not amount to good cause. See Gwyn v. Loon Mountain Corp., No. O1-00214-B, 2002 WL 1012929 (D.N.H. May 15, 2002) (attached hereto as Ex. B).

Therefore, justice would not be served by allowance of Plaintiff's Motion to Amend, and the Motion should be denied.

> B.  The Court Should Not Exercise Its Discretion To Grant Plaintiff's Motion Because An Amendment To Add The Proposed New Claims Would Be Futile.[3]
>
>> 1.  An Amendment To Include A Claim Of Common Law Breach Of Contract (Third Party Beneficiary) (Count Three Of Plaintiff's Proposed Second Amended Complaint) Would Be Futile Because Plaintiff Cannot Establish That He Was A Third Party Beneficiary.

Under Massachusetts law, "[i]n order for a third party to recover under a theory of breach of contract, [he] must demonstrate that [he] was an intended rather than an incidental beneficiary of that contract." See Shuras v. Integrated Project Servs., Inc., 190 F. Supp. 2d 194, 203 (D. Mass. 2002); Rousseau v. Diemer, 24 F. Supp. 2d 137, 144 (D. Mass. 1998). Here, the Plaintiff alleges that he was the third-party beneficiary of a

---

[2] Plaintiff also failed to request modification and the Scheduling Order in the form explicitly detailed by the Court in its December 2, 2004 Scheduling Order.

[3] Plaintiff's proposed Second Amended Complaint also would split his 42 U.S.C. §1981 claim into two claims; one for hostile work environment, and one for discriminatory termination. Not only should

- 5 -

US1DOCS 4919566v2

contract between Compaq and Fannie Mae.  However, he admits that he was not even an employee of Compaq, but, rather, was "engaged and hired as a computer consultant" by Computer Merchants, who assigned him to work for its client, Compaq, who in turn assigned him to perform services at Fannie Mae.  See Amended Complaint ¶¶ 5,7.  Plaintiff nowhere alleges (and cannot allege) that the agreement he relies upon between Compaq and Fannie Mae was in any way intended to benefit him.  See Rymes v. Heating Oils, Inc. v. Springfield Terminal Ry., Inc., 265 F. Supp. 2d 147, 151-152 (D. Mass. 2003);[4] Orell v. UMass Memorial Med. Ctr., Inc., 203 F. Supp. 2d 52, 67-68 (D. Mass. 2002) (dismissing third party beneficiary claim where the plaintiff, an employee of one party to a contract whereby the second party, a consulting firm was to provide consulting services to her employer, did not allege that the purpose of the consulting agreement was to benefit her); Humiston v. Atotech USA, Inc., No. 94-40002-NMG, 1995 WL 708660 (Nov. 28, 1995) (granting summary judgment where plaintiff could not allege he was the intended beneficiary of a purchase and sale agreement between his employer and a third party acquirer) (attached hereto as Ex. C.).

Plaintiff was at all times paid by Computer Merchants for work he performed "as set out in his agreement with Computer Merchants."  See Amended Complaint ¶ 8.  The sole allegation Plaintiff appears to offer in support of his argument that he is a third party

---

Plaintiff have included these claims in his First Amended Complaint if he so desired, but, as set forth in Fannie Mae's Motion to Dismiss, Plaintiff cannot state a 42 U.S.C. §1981 claim, whatever its form.

[4] In Rymes, the plaintiff was a shipper who sued under an agreement between two railway companies, alleging that he was a third-party beneficiary to that contract.  In dismissing plaintiff's third party beneficiary claim at summary judgment, the court, noted, "If [plaintiff] were adjudged an intended third-party beneficiary, the reduction ad absurdum of the implicated logic would be to hold any potential customers of any set of contracting business that seek to share a given market to be intended third-party beneficiaries of that contract.  The law of contracts does not extend so far, and this Court declines to forge such an imprudent path."  203 F. Supp. 2d at 152.  The Plaintiff here asks the Court to reason in such a way as would render all employees of consulting firms third party beneficiaries of the contracts their employers enter into.

US1DOCS 4919566v2

beneficiary of the agreement between Compaq and Fannie Mae is that he was paid by Computer Merchants from funds "supplied by Computer Merchants for work Plaintiff performed as set out in his agreement with Computer Merchants." See Amended Complaint ¶ __. However, "Massachusetts courts do not confer intended beneficiary status when a contract's terms do not provide for the benefits of performance to *flow directly* to the third-party." See Shuras, 190 F. Supp 2d at 204 citing Public Service Co. of New Hampshire v. Hudson Light and Power Dept., 938 F. 2d 338, 341 (1st Cir. 1991) (quotations omitted and emphasis added). Here, Plaintiff was not compensated by Fannie Mae or even compensated by Compaq, which was a party to the contract with Fannie Mae. Instead, Plaintiff was employed by, compensated by, and alleges that he had a contract with, Computer Merchants. Under these circumstances, Plaintiff cannot allege that Fannie Mae and Compaq contemplated a duty to Plaintiff and entered into an agreement for the express purpose of satisfying that duty. See Rousseau, 24 F. Supp. 2d at 145 (subcontractor who expected to be paid from proceeds of a loan agreement between bank and developer was not, as a matter of law, a third party beneficiary).

The fact that, by receiving a pay check from Computer Merchants, Plaintiff arguably enjoyed a benefit of an agreement between Compaq and Fannie Mae, does not render him a third party beneficiary – instead, he was at most an incidental beneficiary with no rights to sue under the contract. See Devine v. Roche Biomedical Lab., 659 A.2d 868, 870 (1995) ("It is not enough that [plaintiff] benefited or could have benefited from the performance of the contract."); Pstragowski v. Metropolitan Life Ins. Co., 553 F.2d 1, 4-5 (1st Cir. 1977) ("It has never been the case that a nonparty to a contract has a remedy for breach of contract whenever the performance of the contract would have made it

possible for the nonparty to receive a pecuniary benefit."). Because Plaintiff has not alleged, and cannot allege, that he was anything other than at most an incidental beneficiary of any contract between Fannie Mae and Compaq, he has no claim under Massachusetts law for breach of contract as a third party beneficiary. Accordingly, an amendment of Plaintiff's First Amended Complaint to include such a claim would be futile. See Shuras, 190 F. Supp 2d at 204.

> 2. An Amendment To Include Claims Of Common Law Breach Of Express Or Implied Contract (Counts Four And Five Of Plaintiff's Proposed Second Amended Complaint), Would Be Futile Because Plaintiff Cannot Establish The Existence Of Such Contracts As A Matter Of Law.

Notwithstanding Plaintiff's allegation that "the Plaintiff and the Defendant had either an express or implied contract pursuant to which "the Plaintiff agreed, as the 'borrowed employee' of the Defendant, for good and valuable consideration to perform services for the Defendant", he provides no factual basis whatsoever for a finding that such a contract existed, or that he and Fannie Mae agreed on any material terms of the alleged agreement. See Orell, 203 F. Supp. 2d at 68 (dismissing contract claim finding that where plaintiff alleged that she was employed by party A to an agreement to provide consulting services, and that her employment contract was breached by an employee of party B to the consulting agreement, she failed to show that there was a contract, express or implied, between her and party B or its employee). "It is axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract…." See Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000) (internal citations omitted).

Plaintiff's allegations that (1) he was a "borrowed employee" of Fannie Mae, (2) "he was paid by Computer Merchants from funds supplied by Fannie Mae to Computer

Merchants for the work Plaintiff performed as set out in his agreement with Computer Merchants", (3) he was "interviewed by both Compaq and Fannie Mae representatives to determine [his] technical competency to do the work contracted for between Compaq and Fannie Mae, and (4) his "technical ability and competency was satisfactory to, and approved by, both Compaq and Fannie Mae" do not, as a matter of law, supply these terms (Second Amended Complaint ¶¶ 7,8,9,58,64). See Lewis v. Holy Spirit Ass'n. for Unification of World Christianity, 589 F. Supp 10, 13 (D. Mass. 1983) (granting motion to dismiss contract claims where plaintiff failed to establish "elements of offer, acceptance and consideration"). Fannie Mae cannot be bound to essential and material terms of a contract to which it did not agree. See Walsh v. Telesector Res. Group, Inc., 40 Mass. App. Ct. 227, 233 (1996). Where an alleged agreement is silent as to a material or essential term, or the parties fail to discuss the same, the contract is unenforceable. See Held v. Zamparelli, 13 Mass. App. Ct. 957, 958 (1982); McCarthy v. Kylberg, 282 F.3d 70, 73 (1st Cir. 2002) ("Summary judgment is appropriate when the evidence about the parties' intentions gleaned from their words and actions is so one-sided that no reasonable jury could find a contract.") (internal citations omitted). Here, plaintiff's allegations regarding Fannie Mae's general acceptance of him as a consultant cannot form the basis for an implied or express contract. cf. Engler v. C.R. Bard, Inc., No. 94-10602-RCL, 1997 WL 136249, *6 (D. Mass. March 6, 1997) (attached hereto as Ex. D.).

Even if the "borrowed employee" doctrine had any applicability to Plaintiff's breach of contract claim, which it does not, such a relationship would not imbue Plaintiff with a status as a borrowed employee other than "at-will", and certainly would not create

a contract, either express or implied.[5]  cf. Barthelmes v. Martineau, No. 982378, 1999 WL 1319194, *5 (Mass. Super. April 27, 1999) (attached hereto as Ex. E); Thompson v. Sundance Publ'g, No. 950274B, 1997 WL 1294367, *4 (Mass. Super. Dec 15, 1997) (an employment relationship does not give rise to an implied-in-fact contract) (attached hereto as Ex. F).  Because Plaintiff cannot state a claim for breach of either an express or implied contract, an amendment of his First Amended Complaint to include these claims would be futile.[6]

        3.    An Amendment To Include A Claims Of Intentional Infliction of Emotional Distress (Count Six Of Plaintiff's Proposed Second Amended Complaint) Would Be Futile.

Plaintiff alleges in his proposed Second Amended Complaint that he is a "borrowed employee" of Fannie Mae.  See Second Amended Complaint ¶¶ 58,64.  Based upon this allegation, and notwithstanding Plaintiff's admission that he functioned at all times as an independent contractor, any claim for intentional infliction of emotional distress made against Fannie Mae would be barred by the exclusivity provisions and requirement of exhaustion of remedies of, the District of Columbia Workers' Compensation Act ("WCA"), D.C.Code §§ 32-1501 *et seq*.  See Hall v. C & P Telephone Co., 793 F.2d 1354, 253 (D. D.C. Cir. 1986); see also Union Light & Power Co. v. District of Columbia Dept. of Employment Services, 796 A.2d 665, 667 (D.C. 2002), *citing* 3 ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION LAW (2001

---

[5] The "borrowed employee" or "borrowed servant" doctrine would be relevant for purposes of determining whether Fannie Mae would be liable for Plaintiff's negligent acts.  Galloway's Case, 354 Mass. 427, 430 (1968); See e.g., Gurry v. Cumberland Farms, Inc., 406 Mass. 615 (1990).  However, there is no support for an argument that status as a borrowed employee or servant gives rise to any contractual duty between the borrowed employee and the putative employer.

[6] Plaintiff's proposed Second Amended Complaint also references, in connection with his claim of breach of express contract, that Fannie Mae breached the covenant of good faith and fair dealing.  However, under Massachusetts law, the covenant only exists where there is an enforceable contract between the two parties.  As such, this claim, even if properly made, would be futile.  See Orell, 203 F. Supp. 2d at 68.

- 10 -

ed.) (where employee is found to be employed by two employers, each is protected by the exclusivity provisions of the Act); <u>Grillo v. National Bank of Washington</u>, 540 A.2d 743, 749 (D.C.1988).  Because Plaintiff's own allegations preclude his claim of intentional infliction of emotional distress, an amendment of his First Amended Complaint to include this claim would be futile.

IV. **CONCLUSION**

For the foregoing reasons, Defendant Fannie Mae respectfully requests that this Court deny Plaintiff's Motion to Amend.

        FANNIE MAE
        By its attorneys,


<u>/s/ C. Tama Donovan</u>
Neil Jacobs  (BBO #249300)
C. Tama Donovan (BBO #641292)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated:  January 19, 2005

US1DOCS 4919566v2