UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11713-NMG

AHMAD SHREATEH, Plaintiff

vs.

FANNIE MAE, Defendant

**PLAINTIFF AHMAD SHREATEH'S MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND COMPLAINT**

Now comes the Plaintiff, Ahmad Shreateh, in the above-entitled matter and hereby moves this Honorable Court, pursuant to Fed.R.Civ.P. 15, for permission to amend his First Amended Complaint by substituting therefor the proposed Second Amended Complaint. In support hereof the plaintiff says as follows:

In his present, First Amended Complaint, the Plaintiff, an American citizen of Jordanian Muslim descent, has asserted against the Defendant, Fannie Mae, causes of action for workplace discrimination under 42 U.S.C. sec. 1981 (Count I) and deprivation of civil rights under 42 U.S.C. sec. 1983 (Count II). The Plaintiff has asserted similar causes of action against a second Defendant, one Mark Holmes, who was employed by Fannie Mae (Counts III and IV). In this First Amended Complaint, the Plaintiff inadvertently omitted certain common-law causes of action that arise out of the same common nucleus of operative fact.

1

Counts Three and Four of the present First Amended Complaint are no longer operative, inasmuch as the Plaintiff has dismissed them against the Defendant to whom they were directed. Count Two of the present First Amended Complaint is no longer operative, inasmuch as the Plaintiff has agreed that he does not have a viable cause of action against Fannie Mae, a private, for-profit corporation, under 42 U.S.C. sec. 1983.

In the course of researching and drafting his opposition to the Defendant's Motion to Dismiss Count One of the present First Amended Complaint, which asserts a cause of action against Fannie Mae under 42 U.S.C. sec. 1981, the Plaintiff has become aware of certain deficiencies, imprecisions and ambiguities in that Count as presently pleaded, and, without changing the fundamental nature of the case, desires to substitute for said Count One the proposed new Counts One and Two in the Second Amended Complaint. The Plaintiff also wishes to add the following common-law counts, of which the Court can take jurisdiction pursuant to its pendent or ancillary jurisdiction: Breach of Express Contract, Breach of Implied Contract, Breach of Contract (Third Party Beneficiary) and Intentional Infliction of Emotional Distress.

A copy of the Plaintiff's Proposed Second Amended Complaint is annexed to his motion as **Exhibit A**.

**ARGUMENT**

Rule 15(a) provides that leave to amend a complaint is permitted, as a matter of course, before the opposing party has filed a responsive pleading. Once a responsive pleading has been filed, subsequent amendments require court approval, and such approval is "freely given when justice so requires." See Fed. R. Civ. P. 15(a). Courts have have often described this standard as reflecting the "liberal" amendment policy underlying Rule 15. See, e.g., *Wilson v. Mendon*, 294 F.3d 1, 7 n. 16 (1st Cir. 2002); *Mills v. Maine*, 118 F.3d 37, 53 (1st Cir. 1997); *USM Corp. v. GKN Fasteners Ltd.*, 578 F.2d 21, 23 (1st Cir. 1978).

Indeed, the U.S. Supreme Court has suggested that amendment should be allowed except upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Daves*, 371 U.S. 178, 182 (1962).

At bar, the Plaintiff says that he has good grounds for amending his complaint as proposed herein, as evidenced by the factual allegations set out therein. The Plaintiff says that the proposed amendment is necessary in order to provide substantial justice to the Plaintiff; that the desire to amend his complaint is not motivated by bad faith or dilatory motive; that allowing the amendment will not create any undue delay; and that allowing the

amendment will not create any undue prejudice to the Defendant.

The Plaintiff also argues that he should be allowed to amend under the "good cause" standard of Fed.R.Civ.P. 16(b). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). As explained hereinabove, it was in the course of researching and drafting his opposition to the Defendant's Motion to Dismiss Count One of the present First Amended Complaint, which asserts a cause of action against Fannie Mae under 42 U.S.C. sec. 1981, that the Plaintiff has become aware of certain deficiencies, imprecisions and ambiguities in that Count as presently pleaded. Note that the Defendant's Motion to Dismiss is pending as this is written. Therefore, and without changing the fundamental nature of the case, the Plaintiff desires,, as quickly as possible, to substitute for said Count One the proposed new Counts One and Two in the Second Amended Complaint.

WHEREFORE, the Plaintiff prays that this Honorable Court will allow this motion and permit the Plaintiff to file and serve his proposed Second Amended Complaint.

Respectfully submitted,
AHMAD SHREATEH, Plaintiff,
By His Attorney,

_____
Thornton E. Lallier, Esq.

4

```
Lallier Law Office
159 Main Street
P.O. Box 689
Amesbury, MA 01913
Tel: 978.388.9500
BBO # 283680
```