UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civ. A. No. 04-11713-NMG

AHMAD SHREATEH            )
    Plaintiff  )
                          )
vs.                       )
                          )
FANNIE MAE and            )
MARK HOLMES               )
    Defendants )

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS
2005 JAN 27  P 2: 0

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**PROCEDURAL BACKGROUND**

- To date, the Defendant has only answered Plaintiff's pro se complaint of July 1, 2004.

- To date, the Defendant in paragraph 1 of its Answer states the admission that a Fannie Mae contractor, Compaq Computer Co. assigned Plaintiff to perform certain consulting services for Fannie Mae.

- To date, the Defendant in its Memorandum to Motion to Dismiss, page 1 to page 2 of "Summary of Allegations" states "Plaintiff was at all times an 'independent contractor'".

- To date, the Defendant in its Memorandum in Opposition to Plaintiff's Motion to Amend Company, on pages 2 to 3,

1

reiterates that "plaintiff was at all times an 'independent contractor'". But has not addressed the argument that Plaintiff was a "borrowed servant" employee entitled to standing to bring this complaint and supported by substantial Federal law.

## ARGUMENT

Rule 15(a) provides that leave to amend a complaint is permitted, as a matter of course, before the opposing party has filed a responsive pleading. Once a responsive pleading has been filed, subsequent amendments require court approval, and such approval is "freely given when justice so requires." See Fed. R. Civ. P. 15(a). Courts have often described this standard as reflecting the "liberal" amendment policy underlying Rule 15. *See, e.g., Wilson v. Mendon*, 294 F.3d 1, 7 n. 16 (1st Cir. 2002); *Mills v. Maine*, 118 F.3d 37, 53 (1st Cir. 1997); *USM Corp. v. GKN Fasteners Ltd.*, 578 F.2d 21, 23 (1st Cir. 1978).

Indeed, the U.S. Supreme Court has suggested that amendment should be allowed except upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Daves*, 371 U.S. 178, 182 (1962); *Bengar v. Clark Equipment Co.* 24 Mass. App. Ct. 41 (1987)

At bar, the Plaintiff says that he has good grounds for amending his complaint as proposed herein, as evidence by the factual allegations set out therein. The Plaintiff says that the proposed amendment is necessary in order to provide substantial justice to the Plaintiff; that the desire to amend his complaint is not motivated by bad faith or dilatory motive; that allowing the amendment will not create any undue delay; and that allowing the amendment will not create any undue prejudice to the Defendant.

The Plaintiff also argues that he should be allowed to amend under the "good cause" standard of Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). It was in the course of researching and drafting his opposition to the Defendant's Motion to Dismiss Count One of the present First Amended Complaint, which asserts a cause of action against Fannie Mae under 42 U.S.C. sec. 1981, that the Plaintiff became aware of certain deficiencies, imprecisions and ambiguities in that Count as presently pleaded. Note that the Defendant's Motion to Dismiss is pending as this is written. Therefore, and without changing the fundamental nature of the case, the Plaintiff desires, as quickly as possible, to substitute and clarify on the same facts for said Count One and the proposed

new Counts Two, Three, Four, Five and Six in the Second Amended Complaint.

WHEREFORE, the Plaintiff prays that this Honorable Court will allow this motion and permit the Plaintiff to file and serve his proposed Second Amended Complaint.

                           Respectfully submitted
                           by Plaintiff's Attorney,

                           Thornton E. Lallier, Esq.
                           Lallier Law Office
                           159 Main Street, P.O. Box 689
                           Amesbury, MA 01913
                           978-388-9500
                           BBO#283680

Dated:   January 26, 2005.

## CERTIFICATE OF SERVICE

I, Thornton E. Lallier, Esq., certify that I have mailed a true copy of the foregoing to Neil Jacobs, Esq., and C. Tama Donovan, Esq., Wilmer Cutler Pickering Hale & Dorr, L.P., 60 State Street, Boston, MA 02109 on January 26, 2005.

                           Thornton E. Lallier, Esq.