UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMAD SHREATEH,<br><br>      Plaintiff,<br><br>    v.<br><br>FANNIE MAE,<br><br>      Defendants. | Civ. A. No. 04 11713-NMG |

**FANNIE MAE'S ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant Fannie Mae hereby responds to the Second Amended Complaint filed in the above-captioned matter (the "Second Amended Complaint"). Unless an allegation is specifically admitted, Fannie Mae denies that allegation.

**Parties**

1. On information and belief, Fannie Mae admits that Plaintiff's name is Ahmad Shreateh. Fannie Mae is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 1 of the Second Amended Complaint.

2. Fannie Mae admits the allegations contained in paragraph 2 of the Second Amended Complaint.

**Jurisdictional Allegation**

3. Fannie Mae admits that this Court has jurisdiction over this matter, and otherwise denies the allegations and statutory assertions contained in paragraph 12 of the Second Amended Complaint.

**Facts**

4. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Fannie Mae admits Compaq Computer Co. ("Compaq") is a technology contractor of Fannie Mae. To the extent paragraph 5 of the Second Amended Complaint contains any remaining allegations, they are denied.

6. Fannie Mae admits that a Fannie Mae contractor, Compaq, assigned Plaintiff to perform certain consulting services for Fannie Mae. To the extent paragraph 6 of the Second Amended Complaint contains any remaining allegations, they are denied.

7. Fannie Mae admits that it considered Plaintiff to be an agent of an independent contactor. Fannie Mae is otherwise without sufficient knowledge to admit or deny the allegations contained in the first sentence or the allegations contained in the second and third sentences of paragraph 7 of the Second Amended Complaint.

8. Fannie Mae admits that it interviewed Plaintiff. Fannie Mae is otherwise without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint relating to Compaq.

9. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 9 of the Second Amended Complaint relating to Compaq. Fannie Mae denies the allegations contained in the first sentence relating to Fannie Mae and the allegations contained in the second sentence of paragraph 9 of the Second Amended Complaint.

10. Fannie Mae denies the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Fannie Mae denies the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Fannie Mae admits that it employed Barbara Copper-Jones as the Business Manager in Washington, DC and that Ms. Copper-Jones and Plaintiff interacted in connection with his services. Fannie Mae otherwise denies the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Fannie Mae admits that Mark Holmes functioned as the technical supervisor in the UNIX Group in Washington, DC and that Mr. Holmes and Plaintiff interacted in connection with the services provided by Plaintiff. Fannie Mae otherwise denies the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Fannie Mae denies the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Fannie Mae denies the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Fannie Mae denies the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Fannie Mae denies the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Fannie Mae denies the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Fannie Mae denies the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Fannie Mae denies the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Fannie Mae denies the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Fannie Mae denies the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Fannie Mae denies the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Fannie Mae denies the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Fannie Mae denies the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Fannie Mae denies the allegations contained in paragraph 27 of the Second Amended Complaint.

28. Fannie Mae denies the allegations contained in paragraph 28 of the Second Amended Complaint.

29. Fannie Mae denies the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Fannie Mae denies the allegations contained in paragraph 30 of the Second Amended Complaint.

US1DOCS 5656604v4

31. Fannie Mae denies the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Fannie Mae denies the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Fannie Mae denies the allegations contained in paragraph 33 of the Second Amended Complaint.

34. Fannie Mae denies the allegations contained in paragraph 34 of the Second Amended Complaint.

35. Fannie Mae denies the allegations contained in paragraph 35 of the Second Amended Complaint.

36. Fannie Mae denies the allegations contained in paragraph 36 of the Second Amended Complaint.

37. Fannie Mae admits that on or about October 17, 2001, Mr. Holmes met with Plaintiff and notified him that Fannie Mae no longer needed his consulting services, and that another Fannie Mae manager was present at this meeting.  Fannie Mae otherwise denies the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Fannie Mae denies the allegations contained in paragraph 38 of the Second Amended Complaint.

39. Fannie Mae denies the allegations contained in paragraph 39 of the Second Amended Complaint.

40. Fannie Mae is without sufficient knowledge to admit or deny the allegations contained in paragraph 40 of the Second Amended Complaint.

US1DOCS 5656604v4

41. Fannie Mae admits that Mr. Holmes asked Plaintiff to return his security badge and asked him to leave the building following the termination of Plaintiff's consulting assignment. Fannie Mae otherwise denies the allegations contained in Paragraph 41 of the Second Amended Complaint.

42. On information and belief, Fannie Mae denies the allegations contained in paragraph 42 of the Second Amended Complaint.

43. On information and belief, Fannie Mae denies the allegations contained in the first sentence of paragraph 43 of the Second Amended Complaint. Fannie Mae denies the allegations contained in the second sentence of paragraph 43 of the Second Amended Complaint.

## Count One

44. Plaintiff's Motion to Amend his First Amended Complaint was denied with respect to Count One of the Second Amended Complaint by the Court in its Memorandum and Order dated May 2, 2006. Therefore, no response is required to any legal assertions or prayers for relief relating to paragraphs 44-50. With respect to any factual allegations, Fannie Mae hereby incorporates by reference paragraphs 1 through 43.

45. Fannie Mae is without sufficient knowledge to admit or deny the factual allegations contained in paragraph 45 of the Second Amended Complaint.

46. Fannie Mae denies the factual allegations contained in paragraph 46 of the Second Amended Complaint.

47. Fannie Mae denies the factual allegations contained in paragraph 47 of the Second Amended Complaint.

US1DOCS 5656604v4

48. Fannie Mae denies the factual allegations contained in paragraph 48 of the Second Amended Complaint.

49. Fannie Mae denies the factual allegations contained in paragraph 49 of the Second Amended Complaint.

50. Fannie Mae denies the factual allegations contained in paragraph 50 of the Second Amended Complaint.

## Count Two

51. Plaintiff's Motion to Amend his First Amended Complaint was denied with respect to Count Two of the Second Amended Complaint by the Court in its Memorandum and Order dated May 2, 2006. Therefore, no response is required to any legal assertions or prayers for relief relating to paragraphs 51-52. With respect to any factual allegations, Fannie Mae hereby incorporates by reference paragraphs 1 through 50.

52. Fannie Mae denies the factual allegations contained in paragraph 52 of the Second Amended Complaint.

## Count Three

53. Plaintiff's Motion to Amend his First Amended Complaint was denied with respect to Count Three of the Second Amended Complaint by the Court in its Memorandum and Order dated May 2, 2006. Therefore, no response is required to any legal assertions or prayers for relief relating to paragraphs 53-56. With respect to any factual allegations, Fannie Mae hereby incorporates by reference paragraphs 1 through 52.

54. Fannie Mae denies the factual allegations contained in paragraph 54 of the Second Amended Complaint.

US1DOCS 5656604v4

55. Fannie Mae denies the factual allegations contained in paragraph 55 of the Second Amended Complaint.

56. Fannie Mae denies the factual allegations contained in paragraph 56 of the Second Amended Complaint.

### Count Four

57. Plaintiff's Motion to Amend his First Amended Complaint was denied with respect to Count Four of the Second Amended Complaint by the Court in its Memorandum and Order dated May 2, 2006.  Therefore, no response is required to any legal assertions or prayers for relief relating to paragraphs 57-62.  With respect to any factual allegations, Fannie Mae hereby incorporates by reference paragraphs 1 through 56.

58. Fannie Mae denies the factual allegations contained in paragraph 58 of the Second Amended Complaint.

59. Fannie Mae denies the factual allegations contained in paragraph 59 of the Second Amended Complaint.

60. Fannie Mae denies the factual allegations contained in paragraph 60 of the Second Amended Complaint.

61. Fannie Mae denies the factual allegations contained in paragraph 61 of the Second Amended Complaint.

62. Fannie Mae denies the factual allegations contained in paragraph 62 of the Second Amended Complaint.

### Count Five

63. Plaintiff's Motion to Amend his First Amended Complaint was denied with respect to Count Five of the Second Amended Complaint by the Court in its

Memorandum and Order dated May 2, 2006. Therefore, no response is required to any legal assertions or prayers for relief relating to paragraphs 63-68. With respect to any factual allegations, Fannie Mae hereby incorporates by reference paragraphs 1 through 62.

64. Fannie Mae denies the factual allegations contained in paragraph 64 of the Second Amended Complaint.

65. Fannie Mae denies the factual allegations contained in paragraph 65 of the Second Amended Complaint.

66. Fannie Mae denies the factual allegations contained in paragraph 66 of the Second Amended Complaint.

67. Fannie Mae denies the factual allegations contained in paragraph 67 of the Second Amended Complaint.

68. Fannie Mae denies the factual allegations contained in paragraph 68 of the Second Amended Complaint.

**Count Six**

69. Fannie Mae hereby incorporates by reference paragraphs 1 through 68 herein as if set forth in their entirety in this section.

70. The allegations set forth in paragraph 70 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent paragraph 70 of the Second Amended Complaint contains any factual allegations, they are denied.

71. The allegations set forth in paragraph 71 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent paragraph 71 of the Second Amended Complaint contains any factual allegations, they are denied.

72. The allegations set forth in paragraph 72 of the Second Amended Complaint state

conclusions of law to which no response is required. To the extent paragraph 72 of the Second Amended Complaint contains any factual allegations, they are denied.

73. The allegations set forth in paragraph 73 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent paragraph 73 of the Second Amended Complaint contains any factual allegations, they are denied.

74. The allegations set forth in paragraph 74 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent paragraph 74 of the Second Amended Complaint contains any factual allegations, they are denied.

The remaining non-numbered paragraphs of the Second Amended Complaint contain a prayer for relief, to which no response is required. To the extent that the remaining non-numbered paragraphs of the Second Amended Complaint contain allegations of fact, Fannie Mae denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Fannie Mae had a legitimate business reason for its decision to terminate Plaintiff's consulting assignment.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the equitable doctrines of waiver, estoppel, laches and unclean hands.

US1DOCS 5656604v4

## FOURTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered damages as a result of any alleged wrongful act of Fannie Mae, upon information and belief, he has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

Without conceding that any of its employees engaged in any alleged wrongful act, Fannie Mae is not liable for any such acts which occurred outside of the scope of employment, and without Fannie Mae's knowledge or authorization.

## SIXTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claim is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Fannie Mae reserves its right to amend and/or supplement these affirmative defenses as this matter proceeds.

FANNIE MAE
By its attorneys,

/s/ C. Tama Donovan
Neil Jacobs  (BBO #249300)
C. Tama Donovan (BBO #641292)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated:  May 16, 2006

US1DOCS 5656604v4

## CERTIFICATE OF SERVICE

      I, C. Tama Donovan, hereby certify that on May 16, 2006, I caused a copy of the foregoing Answer to be served, via e-mail and over night mail, upon Plaintiff: Thornton E. Lallier, Lallier Law Office 159 Main Street, Amesbury, MA 01913.

                                                  _____
                                                    C. Tama Donovan

US1DOCS 5656604v4